# EXHIBIT B

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM ("Plaintiff") declares:

1.  Plaintiff has reviewed a complaint and authorized its filing. Plaintiff has authorized the filing of a motion for appointment as lead plaintiff.

2.  Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|----------|-------------|------|-----------------|

*See* attached Schedule A.

5.  (a)  Plaintiff has been appointed to serve as a representative party for a class in the following actions filed under the federal securities laws within the three-year period prior to the date of this Certification:

*Ronge v. Camping World Holdings, Inc., et al.*, No. 1:18-cv-07030 (N.D. Ill.)
*Cambria County Employees Ret. Sys. v. Venator Materials PLC, et al.*, No. 4:19-cv-03464 (S.D. Tex.)

(b)  Plaintiff is seeking to serve as a representative party for a class in the following actions filed under the federal securities laws:

None.

(c)  Plaintiff initially sought to serve as a representative party for a class in the following actions filed under the federal securities laws within the three-year period prior to the date of this Certification:

*Huang v. Depomed, Inc., et al.*, No. 3:17-cv-04830 (N.D. Cal.)
*Rodak v. D'Ambra, et al.*, No. 1:17-cv-01179 (N.D.N.Y.)
*Edwards v. McDermott International, Inc., et al.*, No. 4:18-cv-04330 (S.D. Tex.)

GRUBHUB

6.　　Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __12__ day of December, 2019.

<div style="margin-left: 40%;">

CITY OF PONTIAC GENERAL
EMPLOYEES' RETIREMENT SYSTEM

By: _____

Walter Moore, Chairman

</div>

<div style="text-align: center;">- 2 -</div>

**SCHEDULE A**

**SECURITIES TRANSACTIONS**

**Stock**

| Date Acquired | Amount of Shares Acquired | Price |
|---|---|---|
| 08/08/2019 | 4,690 | $69.46 |

| Date Sold | Amount of Shares Sold | Price |
|---|---|---|
| 09/20/2019 | 79 | $59.77 |
| 09/27/2019 | 528 | $55.86 |

Prices listed are rounded to two decimal places.

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM ("Plaintiff") declares:

1.      Plaintiff has reviewed a complaint and authorized its filing.  Plaintiff has authorized the filing of a motion for appointment as lead plaintiff.

2.      Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

| Security | Transaction | Date | Price Per Share |
|---|---|---|---|

*See* attached Schedule A.

5.      Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:

*Rodak v. D'Ambra, et al.*, No. 1:17-cv-01179 (N.D.N.Y.)

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

GRUBHUB

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _/3_ day of December, 2019.

> CITY OF PONTIAC POLICE AND FIRE
> RETIREMENT SYSTEM
>
> By: _____
> Lon Britton, Vice-Chairman

GRUBHUB

**SCHEDULE A**

**SECURITIES TRANSACTIONS**

**Stock**

| Date Acquired | Amount of Shares Acquired | Price |
|---|---|---|
| 08/08/2019 | 900 | $69.46 |

| Date Sold | Amount of Shares Sold | Price |
|---|---|---|
| 10/18/2019 | 90 | $55.69 |

Prices listed are rounded to two decimal places.