UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-07665 |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | Judge Charles R. Norgle, Sr. |
| GRUBHUB INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4851-4183-0833.v1

## I.    INTRODUCTION

This securities class action lawsuit was filed on November 20, 2019 on behalf of purchasers of Grubhub Inc. common stock between July 30, 2019 and October 28, 2019 (the "Class Period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

City of Pontiac General Employees' Retirement System and City of Pontiac Police & Fire Retirement System (the "Pontiac Retirement Systems") respectfully submit they are the presumptively most adequate plaintiff in this case because they filed a timely "motion in response to a notice," believe they have the "largest financial interest in the relief sought by the class," and "otherwise satisf[y] the requirements of Rule 23" and should therefore be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).[1] In addition, the Pontiac Retirement Systems' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the purported class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Grubhub is a leading online and mobile platforms for restaurant pick-up and delivery orders. Grubhub was an early entrant into the online delivery market and for many years maintained dominant market share, controlling approximately 40% of the market in early 2018.

---

[1] On January 16, 2020, City of Pontiac General Employees' Retirement System was added as a named plaintiff on an amended complaint in *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp., PLC*, No. 2:19-cv-15382-BRM-JAD (D.N.J.). Because the Certification for this action was signed prior to that filing, the case is not listed on the Certification. In an attempt to be fully transparent, however, City of Pontiac General Employees' Retirement System's participation in that case is hereby disclosed.

- 1 -

4851-4183-0833.v1

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding Grubhub's business and prospects. Specifically, defendants failed to disclose, among other things, that: (i) customer orders were actually declining, despite the massive investments Grubhub had made to spur demand for and use of its platform; (ii) Grubhub's new customer additions were generating significantly lower revenues as compared to historic cohorts because these customers were more prone to using competitor platforms; (iii) Grubhub's vaunted business model under which it secured exclusive restaurant partnerships had failed, and Grubhub needed to engage in the same aggressive non-partnered sales tactics embraced by its competitors to generate significant revenue growth; (iv) Grubhub was required to spend substantial additional capital in order to grow revenues and retain market share in the face of heightened competitive dynamics and market saturation, eviscerating Grubhub's profitability; and (v) Grubhub was tracking tens of millions of dollars below its revenue and earnings guidance and such guidance lacked any reasonable basis.

On October 28, 2019, Grubhub announced deeply disappointing financial results for its third fiscal quarter of 2019. Grubhub revealed that an important Company demand metric, daily average grubs, had actually fallen 6% sequentially despite an increase in active diners and Grubhub's highly touted demand initiatives. Defendants also slashed Grubhub's 2019 earnings and revenue projections and stated that Grubhub would achieve only $100 million in earnings before interest, taxes, depreciation, and amortization for 2020, more than 70% below market expectations. On this news, Grubhub stock closed down more than 40% on October 29, 2019, on extremely heavy trading volume.

- 2 -

4851-4183-0833.v1

## III.    ARGUMENT

### A.    The Pontiac Retirement Systems Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on November 20, 2019 via *Business Wire*.  *See* Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pontiac Retirement Systems meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Motion Is Timely

The November 20th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period and the right to move the Court to be appointed as lead plaintiff within 60 days, or by January 19, 2020.  *See* Motion, Ex.

- 3 -

4851-4183-0833.v1

A; 15 U.S.C. §78u-4(a)(3)(A). January 19, 2020 was a Sunday and January 20, 2020 was a Court holiday. Thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is January 21, 2020. Because the Pontiac Retirement Systems' motion was timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2. The Pontiac Retirement Systems Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications, the Pontiac Retirement Systems purchased or acquired 5,590 shares of Grubhub common stock during the Class Period and suffered over $136,297 in losses as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of their counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, the Pontiac Retirement Systems satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pontiac Retirement Systems Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the

- 4 -

4851-4183-0833.v1

case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted.)

The Pontiac Retirement Systems satisfy both requirements. Indeed, their claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Pontiac Retirement Systems claim to have sustained losses from defendants' misrepresentations and inflations of stock value, and these claims arise under the same theory that defendants' course of conduct violated federal securities laws." The Pontiac Retirement Systems are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake these responsibilities on behalf of the class. In addition, the Pontiac Retirement Systems have suffered significant losses on their investment in Grubhub common stock during the Class Period and are therefore motivated to diligently pursue the putative class's claims. *See* Motion, Exs. B-C. Moreover, the Pontiac Retirement Systems have no conflict of interest between their claims and those of the putative class and are not subject to any unique defenses.

The Pontiac Retirement Systems are both institutional investors that serve retirees in the city of Pontiac, Michigan. In addition to having a preexisting relationship, the Pontiac Retirement Systems have moved together for lead plaintiff appointment in three previous securities cases and have significant experience serving as class fiduciaries. They respectfully submit herewith a Joint Declaration in support of their lead plaintiff executed after a joint conference call in order to discuss, among other things, proposed litigation strategy, protocols to ensure efficient communication, and their commitment to oversee lead counsel and this litigation. *See* Motion, Ex. D. Finally, the Pontiac Retirement Systems have selected qualified counsel to represent them and the putative class. *See* §III.B., *infra*.

4851-4183-0833.v1

Because the Pontiac Retirement Systems filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B.     The Court Should Approve the Pontiac Retirement Systems' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *In re Cavanaugh*, 306 F.3d 726, 732-35 (9th Cir. 2002). The Pontiac Retirement Systems have selected Robbins Geller as Lead Counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[2] District courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. For example, in this District, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

4851-4183-0833.v1

that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016).

Likewise, in *Silverman v. Motorola, Inc.,* No. 07 C 4507, 2012 U.S. Dist. LEXIS 63477, at *11 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *See also Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]

---

3    *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Household*, No. 1:02-cv-05893 ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities

- 7 -

As a result, the interests of the class in this case would be well represented were the Court to approve the Pontiac Retirement Systems' selection of counsel.

## IV.  CONCLUSION

The Pontiac Retirement Systems have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pontiac Retirement Systems respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  January 21, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)


s/ Brian E. Cochran
BRIAN E. COCHRAN

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

---

class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4851-4183-0833.v1

- 9 -

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

Additional Counsel for [Proposed] Lead Plaintiff

4851-4183-0833.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 21, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Brian E. Cochran
BRIAN E. COCHRAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  bcochran@rgrdlaw.com

4851-4183-0833.v1

Case: 1:19-cv-07665 Document #: 20 Filed: 01/21/20 Page 12 of 12 PageID #:222

# Mailing Information for a Case 1:19-cv-07665 Azar v. Grubhub Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **John F. Hartmann**
  jhartmann@kirkland.com,meghan.guzaitis@kirkland.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)