UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:19-cv-07665 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| | ) | Judge Charles R. Norgle Sr. |
| vs. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| GRUBHUB INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

[AGREED] CONFIDENTIALITY AND RULE 502(D) ORDER

4851-8358-5279.v1

The parties to this Agreed Confidentiality and Rule 502(d) Order (the "Parties")[1] have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "Discovery Material"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Confidential Discovery Material.** As used in this Order, "Confidential Discovery Material" means information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (b) information that reveals trade secrets; (c) information that is competitively sensitive or commercially sensitive, including, without limitation, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential. Discovery Material that is available to the public may not be designated as Confidential.

3.     **Designation.**

---

[1]     The Parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Court's model Confidentiality Order (Form LR 26.2).

4851-8358-5279.v1

(a) A party may designate Discovery Material as Confidential for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document, or, with respect to documents produced in native format, by producing a one-page tagged image file format place-holder stating "Confidential." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Discovery Material. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the Discovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked Confidential Discovery Material and do not otherwise disclose the substance of the confidential information are not required to be marked.

(b) The designation of Discovery Material as Confidential is a certification by an attorney or a party appearing pro se that the Discovery Material contains Confidential information as defined in this Order.[2]

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken to some other designation, all deposition testimony taken in this case shall be treated as Confidential Discovery Material until the expiration of the following: no later than the

---

[2] An attorney who reviews and designates Discovery Material as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating Discovery Material as Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

- 2 -

4851-8358-5279.v1

thirtieth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony (and exhibits thereto) that are designated Confidential Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Discovery Material, unless otherwise ordered by the Court.

5. **Protection of Confidential Discovery Material.**

(a) **General Protections.** Unless otherwise agreed by the Parties, Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Discovery Material may be disclosed only to the Lead Plaintiff and any named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified. Counsel for the parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (i) used only for the purpose specified herein, and (ii) disclosed only to authorized persons. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information in this action or to documents publicly filed.

(b) **Disclosure of Confidential Discovery Material.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (i)-(x). Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

- 3 -

4851-8358-5279.v1

(i) **Counsel.** In house and outside counsel for the Parties and the paralegals, employees, and other staff of such counsel who have responsibility for the action;

(ii) **Parties.** The Parties to this Action;

(iii) **The Court and Its Personnel;**

(iv) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(v) **Document Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts.** Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(vii) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(viii) **Author or Recipient.** The author or recipient of the Confidential Discovery Material (not including a person who received the document in the course of litigation);

(ix) **Mediator.** Any mediator or other person engaged for the purpose of alternative dispute resolution of this Action; and

- 4 -

(x)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Storage of Confidential Discovery Material.** A receiving party shall use its best efforts to ensure that Confidential Discovery Material is stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

6.     **Non-Parties.** Non-parties who are requested to produce Discovery Material or provide testimony in this Action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as Confidential in accordance with its provisions without further Action by the Court.

7.     **Control of Discovery Material.** Every person to whom Confidential Discovery Material is to be disclosed under subparagraphs (ii), (iv)-(vii), (ix)-(x) of paragraph 5 above shall be advised that the Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Order. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person not authorized under this Order, the receiving party must use reasonable efforts to (a) retrieve all copies or obtain a certification of destruction of the Confidential Discovery Material; (b) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order (which can be accomplished by providing a copy of this Order); and (c) inform the designating party of the disclosure. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

- 5 -

8.    **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Material as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

9.    **Privileged Material Disclosure and Rule 502(d) Order.** If a producing party discloses to a receiving party information subject to a claim of attorney-client privilege or attorney work product protection that would otherwise apply, such disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or work product protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected.

10.    **Time For Asserting Privilege and Protection.** The producing party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving party in writing of the assertion of privilege or protection, except that:

(a)    affirmative use (which for the avoidance of doubt shall not include production) of the Discovery Material by the producing party in the Action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(b)    upon use in the Action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, that producing party must

- 6 -

4851-8358-5279.v1

promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

11. **Disputing Claims of Privilege/Protection Over Produced Documents**. Upon notification from the producing party that Discovery Material that is being claimed as privileged or protected has been produced, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested Discovery Material in confidence pending resolution of the contest by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to LR 37.2, either party may bring the contest to the attention of the Court by motion); and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the producing party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to (i) delete any electronic versions from any data source or any database it maintains; (ii) retrieve all electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

12. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Confidential Discovery Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

13. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

- 7 -

requires protection greater than that afforded by this Order unless by agreement of the parties, or absent agreement, if the party moves for an order providing such special protection.

14. **Challenges by a Party to Designation as Confidential.** The designation of any Discovery Material as Confidential is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Discovery Material as Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days. The parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. For the avoidance of doubt, the challenging party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential Discovery Material that is the subject of the motion. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential under the terms of this Order.

15. **Action by the Court.** Applications to the Court for an order relating to Discovery Material designated as Confidential shall be by motion. Nothing in this Order or any action or

- 8 -

4851-8358-5279.v1

agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16.     **Use of Confidential Discovery Material at Trial**. Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such Confidential Discovery Material at trial.

17.     **Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation**.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of

- 9 -

4851-8358-5279.v1

its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Discovery Material by the other party to this case.

18. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

19. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force**. Even after the termination of this action, unless otherwise agreed or ordered, this Order shall remain in force until a designating party agrees otherwise in writing.

(b) **Obligations at Conclusion of Litigation**. Within 63 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material designated as "Confidential" under this Order, including copies as defined in ¶3(a), shall be returned to the producing party, or destroyed, at the receiving party's discretion. In either case, the receiving party agrees it will not keep copies of any Confidential Discovery Material. At that time, each receiving party will certify to the producing party via email that they have complied with this paragraph.

(c) **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material under this Order.

4851-8358-5279.v1

(d) **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

20. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

21. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. **Non-waiver.** The production of Discovery Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the relevancy or admissibility of such Discovery Material.

IT IS SO ORDERED.

DATED: ___10/21/21___      _____

THE HONORABLE CHARLES R. NORGLE SR.
UNITED STATES DISTRICT JUDGE

- 11 -

4851-8358-5279.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)

KIRKLAND & ELLIS LLP
JOHN HARTMANN, P.C.
MADELYN A. MORRIS

| s/ FRANK A. RICHTER | s/ MADELYN A. MORRIS |
|---|---|
| FRANK A. RICHTER | MADELYN A. MORRIS |

200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com


ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
MATTHEW I. HENZI
25800 Northwestern Highway, Suite 1100
Telephone: 248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com

Attorneys for Lead Plaintiff

300 North La Salle
Chicago, IL 60654
Telephone: 312/862-2000
312/862-2200 (fax)
john.hartmann@kirkland.com
madelyn.morris@kirkland.com

KIRKLAND & ELLIS LLP
SANDRA C. GOLDSTEIN, P.C.
STEFAN ATKINSON, P.C.
601 Lexington Avenue
New York, NY 10022
Telephone: 212/446-4800
212/446-4900 (fax)
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com

Attorneys for Defendants

- 12 -

4851-8358-5279.v1

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>vs.<br><br>GRUBHUB INC., et al.,<br><br>                     Defendants. | Case No. 1:19-cv-07665<br><br>CLASS ACTION<br><br>Judge Charles R. Norgle Sr.<br>Magistrate Judge Jeffrey Cole |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality and Rule 502(d) Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality and Rule 502(d) Order and understands that the terms of the Confidentiality and Rule 502(d) Order obligate him/her to use Discovery Material designated as Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality and Rule 502(d) Order may result in penalties for contempt of court.

4851-8358-5279.v1

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

DATED: _____

_____
SIGNATURE

4851-8358-5279.v1