# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>GRUBHUB INC., et al.,<br><br>    Defendants. | )<br>)<br>) Case No. 1:19-cv-07665<br>)<br>) <u>CLASS ACTION</u><br>)<br>) Judge Charles R. Norgle Sr.<br>) Magistrate Judge Jeffrey Cole<br>) |

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S FIRST
SET OF REQUESTS FOR ADMISSION TO ALL DEFENDANTS**

---

John F. Hartmann, P.C.
Madelyn A. Morris
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: 312/862-2000
Fax: 312/862-2200
john.hartmann@kirkland.com
madelyn.morris@kirkland.com

Sandra C. Goldstein, P.C.
Stefan Atkinson, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: 212/446-4800
Fax: 212/446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com

*Attorneys for Defendants*

Pursuant to Federal Rules of Civil Procedure 26 and 36 and the Local Rules of the United States District Court for the Northern District of Illinois, Defendants Grubhub Inc., Matthew Maloney, and Adam DeWitt (collectively, "Defendants") hereby submit, by and through undersigned counsel, the following responses and objections (each, a "Response;" collectively, the "Responses") to Lead Plaintiff City of Pontiac General Employees' Retirement System and City of Pontiac Police & Fire Retirement System's ("Plaintiff") First Set of Requests for Admission (each, a "Request;" collectively, the "Requests").

## GENERAL OBJECTIONS

Defendants make the following general objections ("General Objections") to the Requests, which form part of Defendants' response to each and every Request and are set forth here to avoid repetition and duplication. Although some or all of these General Objections may be specifically invoked in a response to a specific Request, failure to mention a General Objection specifically should not be interpreted as a waiver of any general objection. The fact that an objection is not listed does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1. Capitalized terms shall have the meanings set forth in the Requests subject to these Responses and Objections, unless otherwise specified or unless these Responses and Objections contain an objection to that definition.

2. Defendants object to the Requests to the extent that they purport to impose obligations on Defendants that are broader and/or are inconsistent with, or in excess of or different than those imposed or authorized by, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable law, rule, or Court order.

3.     Defendants object to the Requests to the extent that they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense and/or common interest privilege, or any other applicable privilege, protection, immunity, or exemption. The absence of an objection is neither intended nor should be interpreted as evidence that Defendants do not object to a Request because of an applicable privilege, immunity, or protection. Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Disclosure of any such information by Defendants shall be without prejudice to Defendants' right to object to the use of such document during any proceeding. Insofar as a Response by Defendants is deemed to be a waiver of any privilege or right, such waiver shall be a limited one and with respect to that particular Response only.

4.     Defendants object to the Requests to the extent that they seek the disclosure of (i) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (ii) information that reveals trade secrets; (iii) information that is competitively sensitive or commercially sensitive, including, without limitation, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the party has maintained as confidential; or (iv) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential. Such information will only be provided consistent with the terms of the Confidentiality Order entered in this action [Dkt. No. 54].

5.     Defendants object to the Requests to the extent that they seek information that is not in Defendants' possession, custody, or control.

2

6. Defendants object to the Requests to the extent that they are vague, are ambiguous, are overly broad, are unduly burdensome, are unreasonably cumulative or duplicative, fail to describe the information to be supplied with reasonable particularity, would require Defendants to incur unreasonable expense, would require Defendants to speculate as to the information sought thereby, seek information available to Plaintiff, call for the admission of facts not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, are disproportional to the needs of the case (considering the importance of the issues at stake in the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues), call for the investigation of facts which burden or expense would outweigh its likely benefit, or are otherwise beyond the scope of permissible discovery.

7. Defendants object to the Requests as premature. In accordance with the agreement reached between the parties in preparation for mediation, Defendants have not yet reviewed the entire universe of electronically stored information collected and thus have not yet acquired the full means to investigate the facts underlying the Requests.

8. Defendants object to the Requests to the extent that they seek admissions that would be inadmissible at trial for any reason, including, without limitation, admissions that are irrelevant. In responding to the Requests, Defendants neither waive nor intend to waive, and expressly reserve, all objections, including, but not limited to, objections to propriety, relevance, competence, susceptibility to discovery, materiality, or admissibility of any information provided.

9. Defendants object to the Requests to the extent that they fail to serve as a more practical method of obtaining the information sought than an interrogatory, a request for production, or a deposition.

10.     Defendants object to the Requests, together with their accompanying definitions and instructions, to the extent that they purport to seek information that is unreasonably cumulative or duplicative or that is obtainable from some other source that is more convenient, less burdensome, less expensive, or publicly available, including, but not limited to, (i) documents that have or will be produced to Plaintiff in this action by Defendants and/or third parties, (ii) deposition testimony in this action, and (iii) documents filed in this case, including Defendants' Answer, Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories to All Defendants, Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories to Defendant Maloney, Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories to Defendant DeWitt, and Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories to Defendant Grubhub Inc.

11.     Defendants object to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case.  Defendants' Responses and Objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendants with Plaintiff's characterization of any facts, circumstances, and/or legal obligations.  Defendants reserve the right to contest any such characterization as inaccurate.

12.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by Defendants as to the existence or nonexistence of the information sought or (ii) a waiver of Defendants' right to assert such objection or limitation at any future time in connection with the Requests or otherwise.  In responding to the Requests, Defendants neither waive nor intend to waive, and expressly reserve, all objections to propriety, relevance, competency, susceptibility to discovery, materiality, privileged status, or admissibility of any information provided.

4

13. That Defendants have responded to all or any part of a Request is not intended to be, and shall not be, a waiver of all or any part of their objection(s) to that Request.

14. That Defendants have responded to all or any part of a Request is not, and shall not be taken as, an acknowledgement of the propriety of that Request or as an admission that Defendants accept or admit the existence of any fact(s) set forth or assumed by that Request.

15. To the extent that Defendants respond to any of the Requests, Defendants do so without waiving their right to make any argument or to assert any affirmative defense in any proceeding, and Defendants expressly reserve their right to object on any ground to any further Requests for admission and discovery requests.

16. Defendants respond to each Request based on their present and actual knowledge after a reasonable inquiry. Defendants reserve their right to amend, limit, revise, supplement, or correct the Responses as they learn additional information following further investigation. Defendants also reserve their right to object further to any of the Requests or parts thereof, after service of the present Responses, and their right to rely on, at any time including at trial, subsequently discovered information of which Defendants are currently unaware, as well as information omitted from the Responses as a result of mistake, error, oversight, or inadvertence. If Plaintiff asserts an interpretation of any aspect of the Requests that is different from that made by Defendants, Defendants reserve their right to supplement their Responses if such interpretations made by Plaintiff are held to be applicable.

17. Defendants incorporate the same objections to the definitions and instructions set forth in Defendants' Responses and Objections to Lead Plaintiff's First Set of Requests for Production of Documents to All Defendants, dated November 19, 2022, and Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories to All Defendants, First

5

Set of Interrogatories to Defendant Maloney, First Set of Interrogatories to Defendant DeWitt, and First Set of Interrogatories to Defendant Grubhub Inc., dated December 2, 2022, as well as any subsequent discovery responses that Defendants may serve throughout the course of this action. All such past and future discovery responses are incorporated by reference herein.

18. Defendants deny every Request, and every portion of every Request, that is not specifically admitted.

19. Defendants object to the definition of "Class" to the extent that it implies the existence or validity of any class. Defendants further object on the basis that the scope of the class, if any, has not yet been determined. For the purposes of these Responses, Defendants will interpret and use "Class" as merely referring to all persons who purchased or otherwise acquired Grubhub securities between April 25, 2019 and October 28, 2019, inclusive.

20. Defendants object to the definition of "Class Period" as referring to the time period between April 25, 2019 and October 28, 2019 to the extent that it implies the existence or validity of any class. Defendants further object on the basis that the scope of the class period, if any, has not yet been determined. Defendants further object on the basis that discovery to date does not support the validity of a class period extending over this time period.

21. Defendants object to the definition of "DAGs" as vague and ambiguous. For the purposes of these Responses, Defendants will interpret and use "DAGs" to mean the number of orders placed on Grubhub's platform divided by the number of days for a given period.

22. Defendants object to the definition of "DeWitt" as overly broad and unduly burdensome to the extent that it refers to Defendant DeWitt's "agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on his behalf." For the purposes of these

6

Responses, Defendants will interpret and use "DeWitt" to mean Defendant DeWitt's person exclusively.

23. Defendants object to the definition of "Diner(s)" as overbroad, vague, and ambiguous. For the purposes of these Responses, Defendants will interpret and use "Diner(s)" to mean unique diner accounts from which an order has been placed.

24. Defendants object to the definition of "Efficient Market" to the extent that it implies a different meaning than that ascribed by the Supreme Court of the United States in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), and *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013), and that it implies the applicability of the fraud-on-the-market presumption established in those cases. Defendants further object on the basis that the applicability of this presumption, if any, has not yet been determined.

25. Defendants object to the definition of "GFS" as vague and ambiguous. For the purposes of these Responses, Defendants will interpret and use "GFS" to mean the total value of food, beverages, taxes, prepaid gratuities, and any diner-paid fees processed through Grubhub's platform.

26. Defendants object to the definition of "Grubhub" as overbroad, vague, and ambiguous to the extent that it includes unspecified "predecessors, successors, parents, subsidiaries, divisions or affiliates, and its or their respective present and former officers, directors, agents, attorneys, accountants, employees, partners, or other persons acting or purporting to act on behalf of the foregoing." For the purposes of these Responses, Defendants will interpret and use "Grubhub" as referring exclusively to Defendant Grubhub Inc.

27. Defendants object to the definition of "Maloney" as overly broad and unduly burdensome to the extent that it refers to Defendant Maloney's "agents, attorneys, accountants,

7

employees, partners or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on his behalf." For the purposes of these Responses, Defendants will interpret and use "Maloney" to mean Defendant Maloney's person exclusively.

28. Defendants object to the definition of "Non-partner model" as overbroad, vague, and ambiguous to the extent that it includes any business model or strategy used by online food ordering and delivery companies other than Grubhub. For the purposes of these Responses, Defendants will interpret and use "Non-partner model" to mean a business model whereby restaurants that have not entered into partnership agreements with Grubhub are listed on Grubhub's platform.

29. Defendants object to the definition of "Partner model" as overbroad, vague, and ambiguous to the extent that it includes any business model or strategy used by online food ordering and delivery companies other than Grubhub. Defendants further object to this definition to the extent that it seeks to ascribe a different meaning to "Partner model" than what Defendants admitted in paragraphs 2 and 3 of their Answer to Lead Plaintiff's Complaint for Violations of the Federal Securities Laws, dated October 15, 2021. For the avoidance of doubt, Defendants will interpret and use "Partner model" to mean a business model whereby Grubhub enters into partnership agreements with restaurants, which agree to have their menus listed on Grubhub's online food ordering and delivery marketplace and to pay Grubhub a commission, usually a percentage of the transaction on orders processed through Grubhub.

30. Defendants object to the definition of "Restaurant density" as overbroad, unduly burdensome, vague, and ambiguous to the extent that it includes the "restaurant choices, restaurant network(s), or number of restaurants" on platforms of companies other than Grubhub. Defendants

8

further object to this definition to the extent that it seeks to ascribe a particular meaning to the use of the words "density of self-delivery restaurants" by Defendant Maloney in the October 28, 2019 Shareholder Letter, notwithstanding the fact that Defendants provided no particular definition in this Letter. For the purposes of these Responses, Defendants will interpret and use "Restaurant density" to mean the number of restaurants within a specific geographic area.

31. Defendants object to the definitions of "You" or "Your" as overbroad, vague, and ambiguous to the extent that they include any unspecified "affiliated persons, predecessors, successors, present and former directors, officers, principals, partners, employees, representatives, agents, intermediaries, and other persons acting on its or their behalf, including its or their attorneys, and any entity established or acting for the benefit or on behalf of yourself, your children, or any member of your family." For the purposes of these Responses, Defendants will interpret and use "You" or "Your" to mean only Defendants, individually and collectively.

32. Defendants object to Instruction No. 2 to the extent that it seeks to impose upon Defendants obligations in excess of those required under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, any applicable order of the Court, or any other applicable law.

33. Defendants have undertaken a reasonable inquiry for information in the places where it is reasonably likely to be found, and Defendants object to the Requests and to Instruction Nos. 3 and 4 to the extent that they purport to require a broader search.

34. Defendants object to Instruction Nos. 3 and 5 to the extent that they seek to impose upon Defendants obligations in excess of those required under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, any applicable order of the Court, or any other applicable law.

35.     Defendants object to Instruction No. 6 as overly broad, unduly burdensome, vague, and ambiguous to the extent that it purports to enlarge the scope of the Requests to include information that is not within Defendants' possession, custody, and control.  Defendants will interpret Instruction No. 6 as applying only to non-privileged information in Defendants' possession, custody, or control as those terms are defined in Federal Rules of Civil Procedure 34 and 36 and the related case law interpreting the meaning of those terms.

36.     Defendants object to the definition of "Relevant Period" as overly broad, unduly burdensome, and not proportional to the needs of the case because Plaintiff's designation of the "Relevant Period" purports to require Defendants to provide information about events prior to July 1, 2018 and information about events that occurred several months after the filing of the first Complaint on November 20, 2019.  Subject to and without waiving the objections stated herein and unless otherwise stated below, Defendants will interpret and use "Relevant Period" to mean July 1, 2018 to November 20, 2019 and will only provide information otherwise covered by the Responses that are dated or were prepared from within that date range.

Subject to and without waiving the foregoing General Objections, Defendants respond to the Requests as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that, on April 25, 2019, Grubhub issued a press release announcing first quarter 2019 financial results and posted a "Supplemental Information" presentation on its investor relations website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the "Supplemental Information" presentation posted to Grubhub's investor relations website on April 25, 2019 contained the following statement: "Net active diner adds have increased dramatically while CPA [cost per acquisition] has remained relatively flat over multiple years."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the Supplemental Information presentation contains the unbracketed language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the "Supplemental Information" presentation posted to Grubhub's investor relations website on April 25, 2019 contained the following statement: "Diner quality improving even with increased investment; retention rates higher than historical cohorts."

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the Supplemental Information presentation contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms

11

and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 4:**

Admit that, on April 25, 2019, Defendants Maloney and DeWitt participated in a conference call with analysts, media representatives, and investors concerning Grubhub's first quarter 2019 financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the terms "analysts, media representatives, and investors" are vague, ambiguous, and undefined. Subject to and without waiving their objections, Defendants admit that Defendants Maloney and DeWitt participated in a conference call on April 25, 2019 concerning Grubhub's first quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, during the April 25, 2019 conference call, Defendant Maloney stated:

> We added 1.6 million active diners in the first quarter, another record, and finished the quarter with 19.3 million active diners, up 28% from the prior year. As we will highlight later, these new diners have repeat rates just as high, if not higher than diners we acquired a year ago.
>
> In summary, early returns on our investments have been great, high-quality growth and already improving per order economics.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its

terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, during the April 25, 2019 conference call, Defendant Maloney stated:

> As you can tell by the strong growth in active diners during the quarter, the campaign attracted many new diners in the marketplace.
>
> Diners that place[d] their first order with Taco Bell during the free delivery period are returning to Grubhub at the same or better rates as a typical diner even after we ended the free delivery campaign. Some come back and order Taco Bell again, but the majority are trying other restaurants on the platform as well.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, during the April 25, 2019 conference call, Defendant DeWitt stated:

> We believe that in aggregate, the Taco Bell campaign contributed an incremental few hundred thousand new diners and 100 to 150 basis points of incremental DAG growth during the quarter. These new diners are high quality returning just as frequently as newly acquired diners from other channels and they return to Taco Bell, but also engage with other restaurants on the marketplace at a high rate.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the April 25, 2019 conference call, Defendant Maloney stated:

> Over the years, we've noted over and over again that our disciplined approach to diner acquisition, our broad and deep restaurant network and our ever-improving user experience create incredibly sticky diner cohorts that should bring value to Grubhub for years to come.
>
> We've also noted more recently that because of all the improvements in our platform and marketing, we've been able to acquire high-quality new diners in older and newer markets alike even as we've dramatically increased marketing spend and new diner volume.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, during the April 25, 2019 conference call, Defendant DeWitt stated:

14

> Given the ramp in our investment pace in the fourth quarter, we thought this was a good time to share additional metrics that help illustrate the stickiness of our marketplace, our ability to attract high-quality diners and reinforce our decision to be more aggressive in marketing and with delivery market launches.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, during the April 25, 2019 conference call, Defendant DeWitt stated:

> I can't speak to their economics. All I can point you to is our numbers, which show you that we've been able to acquire a lot more diners.

*       *       *

> [Y]ou're seeing the diners improve in quality over time . . . I don't know if you've [had] a chance to read through the supplemental deck, but the repeat rates on our January and February 2019 diners are higher across all of our markets than they were in 2018 or 2017. So the quality is going up. We're spending more money and the cost isn't increasing. And so the formula is working for us.

> [T]he underlying growth in our business is stronger now than it has been in any point in the last two years.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request,

15

but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, during the April 25, 2019 conference call, Defendant Maloney stated:

> In terms of fees, while major brands do have more leverage than local restaurants, we are not as impacted in the pricing conversation because we actually bring real value and we're helping brands build a long-term and profitable business. So we're paid fairly for our services, which then allows us to achieve long-term sustainable economics, which I think you also know is rather unique in our industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the April 25, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, on May 10, 2019, Grubhub filed with the SEC its quarterly report on Form 10-Q for the first quarter of 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit this Request.

16

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Form 10-Q filed by Grubhub on May 10, 2019 contained the following statement:

> The Company experienced significant growth across all of its key business metrics, Active Diners, Daily Average Grubs and Gross Food Sales, during the three [and six months] ended March 31, 2019 as compared to the same period in the prior year. Growth in all metrics was primarily attributable to increased product and brand awareness by diners largely as a result of marketing efforts and word-of-mouth referrals, better restaurant choices for diners in our markets and technology and product improvements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the Form 10-Q filed by Grubhub with the SEC on May 10, 2019 contained the following statement:

> The Company experienced significant growth across all of its key business metrics, Active Diners, Daily Average Grubs and Gross Food Sales, during the three months ended March 31, 2019 as compared to the same period in the prior year. Growth in all metrics was primarily attributable to increased product and brand awareness by diners largely as a result of marketing efforts and word-of-mouth referrals, better restaurant choices for diners in our markets and technology and product improvements.

Defendants deny that said Form 10-Q contained the following insertion: "[and six months]."

Defendants also deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Defendant Maloney signed Certifications pursuant to Sarbanes Oxley which were attached to the Form 10-Q filed by Grubhub on May 10, 2019.

17

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that Defendant Maloney signed a Certification of Chief Executive Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and a Certification of Chief Executive Officer Pursuant to 18 U.S.C. 1350, As Adopted Pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, which were attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on May 10, 2019.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Defendant DeWitt signed Certifications pursuant to Sarbanes Oxley which were attached to the Form 10-Q filed by Grubhub on May 10, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that Defendant DeWitt signed a Certification of Chief Financial Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and a Certification of Chief Financial Officer Pursuant to 18 U.S.C. 1350, As Adopted Pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, which were attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on May 10, 2019.

**REQUEST FOR ADMISSION NO. 16:**

Admit that, in the Sarbanes Oxley Certifications attached to the Form 10-Q filed by Grubhub on May 10, 2019, Defendants Maloney and DeWitt attested that the same Form 10-Q: does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that the Certification of Chief Executive Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and the Certification of Chief Financial Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, signed by Defendants Maloney and DeWitt, respectively, and attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on May 10, 2019 contain the following language:

> Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report.

Defendants deny any characterization of these Certifications inconsistent with their terms and refer to the full documents, contemporaneous disclosures, and other information for their contents.

19

**REQUEST FOR ADMISSION NO. 17:**

Admit that, on July 30, 2019, Grubhub issued a press release announcing second quarter 2019 financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, on July 30, 2019, Defendants Maloney and DeWitt participated in a conference call with analysts, media representatives, and investors concerning Grubhub's second quarter 2019 financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the terms "analysts, media representatives, and investors" are vague, ambiguous, and undefined. Subject to and without waiving their objections, Defendants admit that Defendants Maloney and DeWitt participated in a conference call on July 30, 2019 concerning Grubhub's second quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, during the July 30, 2019 conference call, Defendant Maloney stated: "Active diners grew 30% year-over-year to 20.3 million."

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but

20

Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 20:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated: "Active diners grew 30% year-over-year to 20.3 million."

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, during the July 30, 2019 conference call Defendant DeWitt stated:

> [The 6% sequential decline in DAGs from 1Q 2019 to 2Q 2019] was a bit exaggerated this year by the Taco Bell national television and free delivery campaign in the first quarter that Matt referenced as well as the timing of the Easter holiday, which we mentioned last quarter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that, during the July 30, 2019 conference call, Defendant DeWitt stated:

> Decline was a bit exaggerated this year by the Taco Bell national television and free delivery campaign in the first quarter that Matt

21

referenced as well as the timing of the Easter holiday, which we
mentioned last quarter.

Defendants deny that Defendant DeWitt's statement contained the following insertion: "[The 6% sequential decline in DAGs from 1Q 2019 to 2Q 2019]." Defendants also deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 22:**

Admit that, during the July 30, 2019 conference call, Defendant Maloney stated: "In these newer delivery markets, we had another quarter of strong momentum and DAG growth with the added restaurant inventory helping these markets scale."

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 23:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated: "Our strong active diner growth is a result of our ever-improving restaurant network, efficient advertising and broad delivery coverage."

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the

22

transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated:

> Calculated orders per active diner was lower than last year as it has been in past quarters. But as a reminder, this isn't really a fair way to measure the activity of our individual diners for [two] reasons: first, we continue to mix shift away from New York in corporate diners where diners have a materially higher frequency than any other market in the U.S.; and second, and perhaps slightly more nuanced, we stepped up net diner additions in recent quarters.

> Having a higher percentage of new diners distorts the frequency calculation because they have not been on the platform for the entire quarter, and they also continue to increase frequency in future years.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated:

> I talked a little bit about frequency and what is weighing on frequency. And I think that is a structural headwind as opposed to an ephemeral headwind because the diners in New York and the diners in corporate are going to – are always going to order more than the newest diners outside of New York and corporate. As we

23

look out into the farther markets, we are seeing good frequencies and ramps in frequencies over time. I think the other thing that – the other impact that will go away over time that's weighing on frequency a little bit is that we've gone through this period of really strong new diner acquisition. And so just mathematically, when you have newer diners disproportionately in your active diner base, it's going to weigh on frequency a little bit. So that impact should go – would go away over time if new diner growth doesn't stay at a super high level, but the other kind of structural difference will be there forever.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated:

We have now operated in these new Grubhub Delivery markets for a couple of quarters and as expected, diners in these markets are behaving a lot like diners do in other markets. Specifically, the order frequency of diners increases with the introduction of Grubhub Delivery, which improves restaurant inventory in a market and the average order values in these newer delivery markets regardless of population size or density in the market, are in line with other more established Grubhub markets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms

24

and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated: "We are still finding plenty of opportunities to acquire diners at a reasonable cost."

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 28:**

Admit that, during the July 30, 2019 conference call, Defendant DeWitt stated:

> Let's say, look, it costs us $100 to acquire a new diner but there's no way we think that the diner's ever going to be worth a total of $50, we're not going to go out and make that trade off. We're still taking a view of hey, overall – based on the behavior that we see, based on profitability of the orders that we have and based on our infrastructure and everything else, what the value is over time. And we're finding a lot of opportunities to deploy capital to do that. And frankly, we're doing it – a better job of it now than we were a year ago or 18 months ago, as you can see in the diner growth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants deny that Defendant DeWitt made the statement quoted in this Request during the July 30, 2019 conference call and admit instead that the transcript of that call attributes this statement to Defendant Maloney. Defendants deny any characterization of the

25

statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 29:**

Admit that, during the July 30, 2019 conference call Defendant DeWitt stated:

> [T]he way to think about sales and marketing expense. We've always talked about as being 95% plus related to new diner acquisition, and we have – the number that we disclosed is net active diners, not gross new diners. And so last quarter, we had a supplemental disclosure where we showed you guys what that gross CPA [cost per acquisition] looked like over time and what I'd say is that trend hasn't changed. We're still seeing plenty of opportunities to acquire new diners at a reasonable cost and that has not increased the cost there, whether it's competitive or running out of runway or not launching. Whatever it is, we haven't seen a headwind on our ability to acquire new diners at similar cost as we have over the past several quarters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 30:**

Admit that, during the July 30, 2019 conference call Defendant DeWitt stated:

> [In response to Nathaniel Schindler's question, "But have you seen any data that suggests your diners are using multiple different services or different apps over the course of a month? Or are they really sticking to a single platform?":] Yes, we haven't seen it. I mean what I can tell you is once a cohort becomes stable, we're still seeing really consistent behavior like what we showed you in the supplemental disclosure deck last quarter. So I can't remember what year it was. It was '15, '16 or '17 cohort. We're not seeing that

26

> change, and we didn't see a change last quarter and it didn't – it hasn't changed in an appreciable way this quarter either. So if it's happening, it's happening in addition, as opposed to substitutive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 31:**

Admit that, during the July 30, 2019 conference call Defendant Maloney stated:

> There are a lot of players right now, making a lot of poor business decisions . . . we've been very consistent that our business is founded on partnership, working with restaurants, understanding what the restaurants really need and trying to help them achieve their business goals in digital pickup.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 32:**

Admit that, during the July 30, 2019 conference call Defendant DeWitt stated:

27

> [W]e have a very profitable model in terms of long-term sustainability, the breadth of restaurants, the combination of how we charge diners and what the restaurants pay us and the formula works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the transcript of the July 30, 2019 conference call contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 33:**

Admit that, on August 6, 2019, Grubhub filed with the SEC its quarterly report on Form 10-Q for the second quarter of 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the Form 10-Q filed by Grubhub on August 6, 2019 contained the following statement:

> The Company experienced significant growth across all of its key business metrics, Active Diners, Daily Average Grubs and Gross Food Sales, during the three and six months ended June 30, 2019 as compared to the same period in the prior year. Growth in all metrics was primarily attributable to increased product and brand awareness by diners largely as a result of marketing efforts and word-of-mouth referrals, better restaurant choices for diners in our markets and technology and product improvements.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the Form 10-Q filed by Grubhub with the SEC on August 6, 2019 contains the language quoted in this Request, but Defendants deny any characterization of the statement quoted therein inconsistent with its terms and refer to the full document, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Defendant Maloney signed Certifications pursuant to Sarbanes Oxley which were attached to the Form 10-Q filed by Grubhub on August 6, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that Defendant Maloney signed a Certification of Chief Executive Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and a Certification of Chief Executive Officer Pursuant to 18 U.S.C. 1350, As Adopted Pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, which were attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on August 6, 2019.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Defendant DeWitt signed Certifications pursuant to Sarbanes Oxley which were attached to the Form 10-Q filed by Grubhub on August 6, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that Defendant DeWitt signed a Certification of Chief Financial Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and a Certification of Chief Financial Officer Pursuant to 18 U.S.C. 1350, As Adopted Pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, which were attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on August 6, 2019.

**REQUEST FOR ADMISSION NO. 37:**

Admit that, in the Sarbanes Oxley Certifications attached to the Form 10-Q filed by Grubhub on August 6, 2019, Defendants Maloney and DeWitt attested that the same Form 10-Q does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the term "Certifications" is vague and undefined. Subject to and without waiving their objections, Defendants admit that the Certification of Chief Executive Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, and the Certification of Chief Financial Officer Pursuant to Rules 13a-14(a) and 15d-14(a) of the Securities Exchange Act of 1934, As Adopted Pursuant to Section 302 of the Sarbanes-Oxley Act of 2002, signed by Defendants Maloney and DeWitt, respectively, and

30

attached as exhibits to the Form 10-Q filed by Grubhub with the SEC on August 6, 2019 contain the following language:

> Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report.

Defendants deny any characterization of these Certifications inconsistent with their terms and refer to the full documents, contemporaneous disclosures, and other information for their contents.

**REQUEST FOR ADMISSION NO. 38:**

Admit that, on October 28, 2019, Grubhub issued a release a press release announcing third quarter 2019 financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendants incorporate their General Objections applicable to each Request for Admission.  Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the press release issued on October 28, 2019 disclosed that declines in Grubhub's second quarter 2019 financial results reflected previously-undisclosed negative trends due to Grubhub's partner model failing to achieve restaurant density and attract high-quality new diners in new markets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendants incorporate their General Objections applicable to each Request for Admission.  Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "previously-undisclosed negative trends" and the terms "failing" and "declines."  Defendants object to this Request on the ground that it contains assumptions that

31

are disputed or erroneous. Defendants further object to this Request on the ground that it prematurely seeks information that will be the subject of discovery and debate. Defendants further object to this Request on the ground that it seeks an admission of fact inconsistent with the discovery produced so far in this action. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that, as a result of Grubhub's failure to achieve restaurant density and attract high-quality new diners in new markets, Grubhub shifted to a non-partner model causing significant erosion in Grubhub's DAGs, GFS, and profitability.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrases "as a result" and "significant erosion" and the terms "failure" and "shifted." Defendants object to this Request on the ground that it contains assumptions that are disputed or erroneous, including regarding Grubhub's diner quality, restaurant density, and business model. Defendants further object to this Request on the ground that it prematurely seeks information that will be the subject of discovery and debate. Defendants further object to this Request on the ground that it seeks an admission of fact inconsistent with the discovery produced so far in this action. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Grubhub's increases in sales and marketing expense of 54%, 61%, and 60% in 4Q 2018, 1Q 2019, and 2Q 2019, respectively, were not succeeding in attracting high-quality, frequent diners.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it contains assumptions that are disputed or erroneous. Defendants further object to this Request on the ground that it is vague, ambiguous, and unmoored in time with respect to the percentage increases provided. Defendants deny this Request and, for the avoidance of doubt, deny any purported negative correlation between sales and marketing expense and diner acquisition.

**REQUEST FOR ADMISSION NO. 42:**

Admit that diner quality metrics were the most critical metrics to managing Grubhub's business decisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrases "diner quality metrics," "most critical," and "business decisions." Defendants further object to this Request to the extent that it purports to require Defendants to adopt any of the characterizations made in this Request. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Defendant Maloney oversaw Grubhub's day-to-day affairs throughout the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Relevant Period." Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "day-to-day affairs" and the term "oversaw." Subject to and without waiving their

33

objections, Defendants admit that Defendant Maloney served as Grubhub's Chief Executive Officer throughout the Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Defendant Maloney had the power to control Grubhub's corporate actions throughout the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Relevant Period." Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrases "power to control" and "corporate actions." Subject to and without waiving their objections, Defendants admit that Defendant Maloney served as Grubhub's Chief Executive Officer throughout the Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Defendant DeWitt oversaw Grubhub's day-to-day affairs throughout the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Relevant Period." Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "day-to-day affairs" and the term "oversaw." Subject to and without waiving their objections, Defendants admit that Defendant DeWitt served as Chief Financial Officer and

34

President throughout the Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Defendant DeWitt had the power to control Grubhub's corporate actions throughout the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Relevant Period." Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrases "power to control" and "corporate actions." Subject to and without waiving their objections, Defendants admit that Defendant DeWitt served as Chief Financial Officer and President throughout the Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the price of Grubhub common stock closed at $33 on October 29, 2019, a 43% decline from the closing price of Grubhub common stock on October 28, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the percentage and share price provided are imprecise. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that, at all times during the Class Period, Grubhub common stock traded on the New York Stock Exchange.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that, at all times during the Class Period, Grubhub common stock traded on an efficient market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Efficient Market." Defendants object to this Request on the ground that it contains assumptions that are disputed or erroneous. Defendants further object to this Request on the ground that it calls for a legal conclusion. Defendants further object to this Request on the ground that it is premature and seeks information that will be the subject of expert discovery and debate. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the New York Stock Exchange is an efficient market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendants incorporate their General Objections applicable to each Request for Admission, including their General Objection to the definition of "Efficient Market." Defendants object to this Request on the ground that it contains assumptions that are disputed or erroneous. Defendants further object to this Request on the ground that it calls for a legal conclusion. Defendants further object to this Request on the ground that it is premature and seeks information that will be the subject of expert discovery and debate. Defendants deny this Request.

36

**REQUEST FOR ADMISSION NO. 51:**

Admit that the New York Stock Exchange is an open and developed market exchange.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "open and developed market exchange." Defendants further object to this Request on the ground that it contains assumptions that are disputed or erroneous. Defendants further object to this Request on the ground that it calls for a legal conclusion. Defendants further object to this Request on the ground that it is premature and seeks information that will be the subject of expert discovery and debate. Defendants lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the New York Stock Exchange was the largest equites-based exchange in the United States, based on total market capitalization of its listed securities, during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request to the extent that it seeks to impose on Defendants an obligation to investigate or discover and retrieve information of a general nature about the New York Stock Exchange from third parties and/or the public record that is equally accessible to Plaintiff. Defendants lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Grubhub had 91,353,172 shares of common stock outstanding as of August 2, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Defendants incorporate their General Objections applicable to each Request for Admission. Subject to and without waiving their objections, Defendants admit that the Form 10-Q filed by Grubhub with the SEC on August 6, 2019 reported that, as of August 2, 2019, Grubhub had 91,353,172 shares of common stock that were outstanding. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that there were more than 50 investors who purchases or acquired Grubhub common stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the term "investors." Subject to and without waiving their objections, based on information publicized by S&P Capital IQ, Defendants admit this Request, but Defendants reserve their right to contradict or challenge this purported fact and their right to amend or supplement their response to this Request if evidence to the contrary is later found. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that Defendants had no direct (*i.e.*, one-on-one) communications with Plaintiff during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrases "direct . . . communications" and "one-on-one." Defendants further

38

object to this Request to the extent that it seeks to impose on Defendants an obligation to investigate or discover and retrieve information about Plaintiff's communications with Defendants that is equally, if not more, accessible to Plaintiff. Subject to and without waiving their objections, Defendants admit this Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Defendants are not aware of any antagonistic interests between the Class and Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "antagonistic interests." Defendants further object to this Request on the ground that it contains assumptions that are disputed or erroneous. Defendants further object to this Request on the ground that it calls for a legal conclusion, including regarding Plaintiff's adequacy as lead plaintiff. Defendants further object to this Request to the extent that it seeks to impose on Defendants an obligation to investigate or discover and retrieve information about Plaintiff's relationships with members of the purported Class that is equally, if not more, accessible to Plaintiff. Defendants lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 57:**

Admit that, during the Class Period, institutional investors held in excess of at least 90% Grubhub common stock on the New York Stock Exchange.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the percentage provided is

39

imprecise. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the phrase "institutional investors." Upon a reasonable inquiry, Defendants assert that, based on information currently available to them, they lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that more than 580 institutional investors reported holding Grubhub common stock at some point throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the grounds that the phrase "institutional investors" is vague, ambiguous, and undefined and that the phrase "at some point" is unmoored in time, vague, and ambiguous. Upon a reasonable inquiry, Defendants assert that, based on information currently available to them, they lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the market capitalization for Grubhub during the Class Period averaged more than $5.9 billion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the average market capitalization provided is imprecise. Subject to and without waiving their objections, Defendants admit that, based on information publicized by Bloomberg Finance L.P., the market capitalization for Grubhub during the Class Period averaged $5.96 billion, but Defendants reserve their right to contradict or challenge this purported fact and their right to amend or

40

supplement their response to this Request if evidence to the contrary is later found. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the average daily trading volume of Grubhub common stock during the Class Period was approximately 2.5 million shares per day.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the average daily trading volume provided is imprecise. Subject to and without waiving their objections, Defendants admit that, based on information publicized by Bloomberg Finance L.P., the average daily trading volume of Grubhub common stock during the Class Period was approximately 2.48 million shares per day, but Defendants reserve their right to contradict or challenge this purported fact and their right to amend or supplement their response to this Request if evidence to the contrary is later found. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the average weekly trading volume for Grubhub common stock during the Class Period was at least 13% of the outstanding shares.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the percentage provided is imprecise. Upon a reasonable inquiry, Defendants assert that, based on information currently available to them, they lack information sufficient to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 62:**

Admit that more than 35 securities analysts covered Grubhub during the Class Period.

41

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the term "covered" and the phrase "securities analysts." Subject to and without waiving their objections, Defendants admit that more than 35 securities analyst firms published reports on Grubhub during the Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that analysts from the following firms covered Grubhub at some point during the Class Period: Guggenheim Securities, LLC, Deutsche Bank Securities Inc., Credit Suisse, Barclays, William Blair & Company, Wells Fargo Securities LLC, Cowen and Company, BTIG, Morningstar, Morgan Stanley, Jefferies LLC, Stephens Inc., and J.P. Morgan Securities LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the grounds that the term "covered" is vague and ambiguous and that the phrase "at some point during the Class Period" is unmoored in time, vague, and ambiguous. Subject to and without waiving their objections, Defendants admit that Guggenheim Securities, LLC, Deutsche Bank Securities Inc., Credit Suisse, Barclays, William Blair & Company, Wells Fargo Securities LLC, Cowen and Company, BTIG, Morningstar, Morgan Stanley, Jefferies LLC, Stephens Inc., and J.P. Morgan Securities LLC published reports on Grubhub during the Class Period. Except as expressly admitted, Defendants deny this Request.

42

**REQUEST FOR ADMISSION NO. 64:**

Admit that, at all times during the Class Period, Grubhub was eligible to file a Form S-3 Registration Statement with the SEC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the term "eligible." Defendants further object to this Request on the ground that it calls for a legal conclusion. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that there were active market makers for Grubhub common stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the phrase "active market makers" is vague, ambiguous, and undefined. Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that there were 96 active market makers for Grubhub common stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that the phrase "active market makers" is vague, ambiguous, and undefined. Defendants deny this Request.

43

Case: 1:19-cv-07665 Document #: 70-4 Filed: 06/01/22 Page 46 of 48 PageID #:882

**REQUEST FOR ADMISSION NO. 67:**

Admit that, during the Class Period, Grubhub disseminated information to investors through press releases, periodic filings with the SEC, conference calls, and other public disclosures.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Defendants incorporate their General Objections applicable to each Request for Admission. Defendants object to this Request on the ground that it is vague and ambiguous with respect to the terms "disseminated" and "other public disclosures." Subject to and without waiving their objections, Defendants admit that Grubhub published press releases, filed periodic filings with the SEC, and held conference calls concerning Grubhub's financial results.

Dated:  May 20, 2022                          Respectfully submitted,

                                              /s/ Stefan Atkinson

                                              John F. Hartmann, P.C.
                                              Madelyn A. Morris
                                              KIRKLAND & ELLIS LLP
                                              300 North LaSalle
                                              Chicago, Illinois 60654
                                              Telephone: (312) 862-2000
                                              Fax: (312) 862-2200
                                              john.hartmann@kirkland.com
                                              madelyn.morris@kirkland.com

                                              Sandra C. Goldstein, P.C.
                                              Stefan Atkinson, P.C.
                                              KIRKLAND & ELLIS LLP
                                              601 Lexington Avenue
                                              New York, New York 10022
                                              Telephone: (212) 446-4800
                                              Fax: (212) 446-4900
                                              sandra.goldstein@kirkland.com
                                              stefan.atkinson@kirkland.com

                                              *Attorneys for Defendants*

45

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 20, 2022, a true and correct copy of the foregoing document was served upon counsel of record via electronic mail.

*/s/ Stefan Atkinson*

Stefan Atkinson