# Exhibit 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>GRUBHUB INC., et al.,<br><br>                   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-07665<br><br><u>CLASS ACTION</u><br><br>Judge Charles R. Norgle Sr.<br>Magistrate Judge Jeffrey Cole |

**LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM AND CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM**

4889-3375-1559.v1

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Civil Rule 33.1 of the Local Rules of the United States District Court for the Northern District of Illinois, Lead Plaintiff City of Pontiac General Employees' Retirement System and City of Pontiac Police & Fire Retirement System ("Plaintiff") hereby responds and objects to Defendants' First Set of Interrogatories to Plaintiff (the "Interrogatories" or an "Interrogatory").

## I.  INTRODUCTION AND RESERVATION OF RIGHTS

1.  These responses and objections ("R&Os") are made solely for the purpose of and in relation to this action.  Plaintiff is willing to meet and confer regarding the R&Os.

2.  The R&Os are based upon a reasonable, diligent investigation of the evidence currently available to Plaintiff and reflect Plaintiff's current knowledge, understanding, and belief, based upon information known at this time.  Document discovery is not complete and deposition discovery has not begun, and additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial.  Plaintiff is providing these R&Os based upon Plaintiff's review of evidence and information available to date and expressly reserves the right to amend, supplement, and/or modify its position or R&Os based upon further discovery and investigation.

3.  By providing these R&Os, Plaintiff does not waive and expressly reserves the right to: (i) modify its position based upon further discovery; (ii) rely upon and use, at trial and otherwise, any other facts and information subsequently identified; (iii) supplement, clarify, revise, or correct any or all of the objections and responses herein; (iv) object to further discovery related to subject matters encompassed within the Interrogatories; (v) assert additional objections or privileges in subsequent supplemental responses; and (vi) assert any and all objections as to competence, relevance, hearsay, materiality, propriety, admissibility, privilege, privacy, and the like, and any and

- 1 -

4889-3375-1559.v1

all other objections on grounds that would require the exclusion of any response herein if such were offered in court, all of which objections are reserved and may be interposed at time of trial.

4.    No incidental or implied admissions are intended in these R&Os. The fact that Plaintiff has responded to all or any part of an Interrogatory should not be taken as an admission that: (i) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by that Interrogatory, or (ii) Plaintiff's response constitutes admissible evidence of any fact thus set forth or assumed, or of any legal premise of the Interrogatory.  The fact that Plaintiff has responded to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objections to that Interrogatory.

5.    Plaintiff's referral to any document(s) in response to any Interrogatory is not intended to waive, and does not constitute any waiver of, any objection to the admissibility, authenticity, competency, or relevance of the document(s).

6.    If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

7.    Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

8.    Whenever Plaintiff employs the phrase "Subject to and without waiving the foregoing" in the response to any Interrogatory, Plaintiff is responding to the Interrogatory as it may be narrowed by the Introduction and Reservation of Rights, its General Objections, its Objections to Definitions, its Objections to the Instructions, and its specific objections to each individual Interrogatory, and without waiver of any such objection.

- 2 -

4889-3375-1559.v1

## II.    GENERAL OBJECTIONS

Plaintiff objects to the Interrogatories on the following grounds, each of which is expressly incorporated by reference in the responses to the individual Interrogatories below.  All individual responses set forth herein are subject to and without waiver of any of these General Objections.

1.    Plaintiff objects to the Interrogatories, and the definitions and instructions contained therein, to the extent they impose any obligations on Plaintiff beyond those imposed by law, or are otherwise inconsistent with Fed. R. Civ. P. 26 or 33(a) or the Local Rules.

2.    Plaintiff objects to the Interrogatories to the extent that they seek information that is not relevant to any party's claims or defenses or is otherwise beyond the scope of permissible discovery.

3.    Plaintiff objects to the Interrogatories to the extent they seek information that is already available to Defendants, including information that can be found in court filings.

4.    Plaintiff objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, oppressive, or harassing.  Plaintiff further objects to the Interrogatories to the extent they seek information that is disproportionate to the needs of this case, in light of the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the information in resolving the issues in this action, and the burden or expense of obtaining the information.

5.    Plaintiff objects to the Interrogatories to the extent they seek the discovery of information protected by the attorney-client privilege, the work-product doctrine, and/or any other lawfully recognized privilege, protection, or immunity from disclosure.

6.    Plaintiff objects to the Interrogatories to the extent they are vague, are ambiguous, or employ imprecise descriptions of the information sought.

7.      Plaintiff objects to the Interrogatories to the extent they are compound and/or contain discrete subparts.

8.      Plaintiff objects to the Interrogatories to the extent they seek information that is in the possession of third parties, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.      Plaintiff objects to the Interrogatories to the extent they prematurely seek information related to expert(s) and/or expert testimony or opinion.

10.     Plaintiff objects to the Interrogatories to the extent they are premised upon legal conclusions or legal arguments over contested matters, and to the extent they include contention interrogatories that are premature and/or invasive of the attorney-client privilege or work-product doctrine.

11.     Plaintiff objects to the Interrogatories to the extent they seek, or require the disclosure of, information that is available through public sources, that originated in Defendants' possession, custody, or control, or that is equally available to Defendants from some other source that is more convenient, less burdensome, or less expensive.  Plaintiff's search for, collection, review, or production of such information would be duplicative and constitute an undue burden on Plaintiff.

12.     Plaintiff objects to the Interrogatories to the extent they purport to request information from absent class members, or purport to require Plaintiff to provide information on behalf of absent class members, as this Court deems discovery from absent members of a putative class improper. *See, e.g.*, *Dennis v. Greatland Home Health Servs.*, No. 19-cv-5427, 2020 WL 11563081, at *3 (N.D. Ill. Nov. 10, 2020) (denying motion to compel answer to interrogatory seeking discovery about absent putative class members because "[d]iscovery from absent members of a *putative* class is not the norm") (internal quotations and citations omitted) (emphasis in original).  To the extent Plaintiff responds to such Interrogatories, Plaintiff does so solely on Plaintiff's behalf – in its

- 4 -

individual capacity. Plaintiff does not respond, and does not intend to respond, on behalf of any absent member of the putative class.

13.     In responding to the Interrogatories, Plaintiff does not in any way waive or intend to waive any privilege or objection, but rather intends to preserve and is preserving the following:

(a)     all objections to the competency, relevancy, materiality, and admissibility of any Interrogatory, Plaintiff's response thereto, and the Interrogatories' subject matter;

(b)     all objections to the vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories and each individual Interrogatory;

(c)     all rights to object on any grounds to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)     all rights to object on any grounds to any further document requests, interrogatories, or other discovery requests involving or relating to the subject matter of the Interrogatories;

(e)     all rights to supplement Plaintiff's responses to the Interrogatories; and

(f)     any and all privileges and/or rights under applicable rules under the Federal Rules of Civil Procedure, the Local Civil Rules, or other statutes, guidelines, or common law.

14.     Plaintiff objects to the Interrogatories to the extent they seek information regarding Grubhub securities that are not the subject of this action. The only security at issue in this action is Grubhub common stock.

## III.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to the Definitions and Instructions to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Northern District of Illinois.

- 5 -

4889-3375-1559.v1

2. Plaintiff objects to the Definitions and Instructions to the extent that they require the disclosure of information that does not exist, or is not within Plaintiff's possession, custody, or control, but rather is within the possession, custody, or control of Defendants or third parties.

3. Plaintiff objects to the Definitions and Instructions to the extent that they seek to discover information found solely in the working files of counsel or which otherwise did not originate with Plaintiff, on the grounds and to the extent that such information is protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

4. Plaintiff objects to the definition of the terms "You," "Your," and "Plaintiff" as overbroad and unduly burdensome to the extent it includes "any additional named plaintiff(s) added to the litigation, including any of your attorneys, advisors, representatives, agents, and/or all other Persons acting on your behalf." Plaintiff further objects to the definition of "You," "Your," and "Plaintiff" on the grounds that it seeks to violate the attorney-client privilege, the work-product doctrine, or both. Plaintiff undertakes only to provide information relating to its own business and affairs. Plaintiff cannot and will not provide information relating to the personal or business affairs of its advisors, representatives, agents, and/or all other Persons acting on its behalf. In objecting to these Interrogatories, Plaintiff defines "You," "Your," and "Plaintiff" to mean Plaintiff City of Pontiac General Employees' Retirement System and City of Pontiac Police & Fire Retirement System. To the extent Plaintiff provides answers to these Interrogatories, such answers will be provided solely on Plaintiff's behalf.

5. Plaintiff objects to the definition of the term "Plaintiff Entity" as overbroad and unduly burdensome to the extent it includes "any entity" in which Plaintiff "holds a substantial control interest" or a "substantial economic interest." Plaintiff further objects because this definition purports to require Plaintiff to produce information unrelated to its own business and affairs. In objecting to these Interrogatories, Plaintiff defines "Plaintiff Entity" to mean Plaintiff City of Pontiac

- 6 -

4889-3375-1559.v1

General Employees' Retirement System and City of Pontiac Police & Fire Retirement System. To the extent Plaintiff provides answers to these Interrogatories, such answers will be provided solely on Plaintiff's behalf.

6. Plaintiff objects to the definition of the term "identify" when "used in reference to an individual" as overbroad and unduly burdensome, as the definition purports to include: "his/her full name, present or last known business address and residential address and telephone number, and last known business affiliation or employment and position." Plaintiff further objections to the term "identify" when "used in reference to an individual" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

7. Plaintiff objects to the definition of the term "identify" when "used in reference to a corporation" as overbroad and unduly burdensome, as the definition purports to include: "its full name, its state of incorporation, its date if incorporation, its principal place of business, its address, and its telephone number." Plaintiff further objections to the term "identify" when "used in reference to a corporation" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

8. Plaintiff objects to the definition of the term "identify" when "used in reference to a Person other than an individual or corporation" as overbroad and unduly burdensome, as the definition purports to include: "its official name, its organization form, that state or nation in which it was organized, its address, and its telephone number." Plaintiff further objects to the term "identify" when "used in reference to a Person other than an individual or corporation" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

9. Plaintiff objects to the definition of the term "identify" when "used in reference to a Document" as overbroad and unduly burdensome, as the definition purports to include: "the type of Document; its date; its author; its addressee; its signer; its recipient; its title; its present or last-known

4889-3375-1559.v1

location; the name, address, and job title of each Person having custody of such Document, including the name, address, and job title of its proper custodian; and the substance of its contents (in lieu of identifying any Documents, copies thereof may be furnished)." Plaintiff further objections to the term "identify" when "used in reference to a Document" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

10. Plaintiff objects to the definition of the term "identify" when "used in reference to any act or occurrence" as overbroad and unduly burdensome, as the definition purports to include: "the event(s) constituting such act or occurrence; the location, date, and time it transpired; and any Persons participating or present." Plaintiff further objects to the term "identify" when "used in reference to any act or occurrence" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

11. Plaintiff objects to the definition of the term "identify" when "used in reference to any discussion, conversation, Communication, or statement" as overbroad and unduly burdensome, as the definition purports to include: "state the date and time it transpired, the Persons participating, and the substance of the discussion." Plaintiff further objects to the term "identify" when "used in reference to any discussion, conversation, Communication, or statement" to the extent it purports to require Plaintiff to disclose information that is not within its possession, custody, or control.

12. Plaintiff objects to the definition of the term "Grubhub Security" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff defines "Grubhub Security" as Grubhub common stock, the only security at issue in this action.

13. Plaintiff objects to the definition of the terms "Person" or "Persons" as overbroad, unduly burdensome, and harassing, as the definition purports to include any "natural person or any legal entity, including, without limitation, any business or government entity or association."

- 8 -

## IV.     OBJECTIONS AND RESPONSES TO INTERROGATORIES

The following specific objections and responses to each Interrogatory are subject to the foregoing General Objections to the Interrogatories and to the Definitions and Instructions. By lodging specific objections, Plaintiff does not limit nor restrict the foregoing objections. Plaintiff instead incorporates the foregoing objections into the response to each Interrogatory, including to each Interrogatory subpart.

<u>INTERROGATORY NO. 1</u>:

Identify each transaction (including, without limitation, purchases (including any purchase to cover), sales (including any short sale), or any other transaction) You made of any Grubhub Security from July 1, 2018 through November 20, 2019. For each transaction, indicate whether such transaction was a purchase or sale, the amount/number of shares of such Security involved in the transaction, the date and time, the net shares held as a result of such transaction, the price paid or received, the net difference between the purchase price and sale price (if applicable), the person or persons from which any purchase was made or to whom any sale was made, and the name of any broker or agent used.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to seek, obtain, or verify information in the possession of any third party, including Plaintiff's independent, outside investment manager(s)/advisor(s) or current or former agents of the same. Plaintiff further objects to this Interrogatory on the grounds that the phrases "any purchase was made or to whom any sale was made" and "any broker or agent" are vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks the disclosure of financial information or other

- 9 -

confidential information regarding Plaintiff's private financial affairs unrelated to the claims or defenses at issue in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff delegates authority over Plaintiff's investments to outside investment managers/advisors, who exercised their authority pursuant to the terms of their respective investment management agreement(s) with Plaintiff and subject to Plaintiff's investment policies, objectives, and guidelines. Plaintiff further responds that the following entities were responsible for Plaintiff's transactions in Grubhub common stock that are the subject of this Action:

- **City of Pontiac General Employees' Retirement System**: Piedmont Mid-Cap & UIM Oakbrook

- **City of Pontiac Police & Fire Retirement System**: LS400 (Loomis Sayles)

Plaintiff further states that its transactions in Grubhub common stock, relating to the allegations in the Complaint, including the dates, shares, and prices, are set forth in Plaintiff's Certification Pursuant to Federal Securities Laws filed in this Action on January 21, 2020 (ECF No. 18-2). In response to this Interrogatory, Plaintiff will produce documents sufficient to identify and detail Plaintiff's transactions in Grubhub common stock that are the subject of this Action.

INTERROGATORY NO. 2:

Identify each entity in which You hold any interest or in which You held any interest at any time from July 1, 2018 through November 20, 2019, and describe whether it was a substantial interest (*e.g.*, Plaintiff Entity).

RESPONSE TO INTERROGATORY NO. 2:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on the grounds that the phrases "any interest," and "substantial interest" are vague, ambiguous, and undefined. Plaintiff further objects to this

- 10 -

Interrogatory as overbroad, unduly burdensome, intended to harass, and disproportionate to the needs of this case to the extent it calls for information wholly unrelated to the claims and defenses at issue in this case. Plaintiff further objects to this Interrogatory as duplicative to the extent it seeks information sought by other Interrogatories or Defendants' First Request for the Production of Documents to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: None.

INTERROGATORY NO. 3:

Identify each member of the Putative Class (including potential members) known to You, and identify each such member with whom you have communicated concerning the subject matter of the Complaint.

RESPONSE TO INTERROGATORY NO. 3:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because "each member of the Putative Class (including potential members)" likely concerns investors in Grubhub common stock numbering in the thousands, and the identities of all "member[s] of the Putative Class (including potential members)" are not known and cannot be known by Plaintiff presently. Plaintiff further objects to this Interrogatory because discovery targeted at information of absent putative class members is improper. *See, e.g.*, *Dennis*, 2020 WL 11563081, at \*3 (denying motion to compel answer to interrogatory seeking discovery about absent putative class members because "[d]iscovery from absent members of a ***putative*** class is not the norm") (internal quotations and citations omitted) (emphasis in original).

Subject to and without waiving the foregoing objections, Plaintiff responds that, to the best of its knowledge, it has not communicated with any member(s) or potential members of the Putative Class concerning the subject matter of the Complaint.

INTERROGATORY NO. 4:

Identify the name, current employer, current position, and current address of each Person with knowledge or information relevant to Your claims in the Complaint, and state the relevant subjects on which such Person is knowledgeable.

RESPONSE TO INTERROGATORY NO. 4:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it calls for "the name, current employer, current position, and current address" of "each Person with knowledge or information relevant to Your claims in the Complaint," regardless of whether the information relates to Plaintiff's transactions in Grubhub common stock or the allegations in this case. Plaintiff further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Plaintiff further objects to this Interrogatory as premature, as discovery, including Defendants' and third parties' productions and Plaintiff's review of those documents, is ongoing such that Plaintiff could not yet know "the name, current employer, current position, and current address of each Person with knowledge or information relevant to Your claims in the Complaint" and "the relevant subjects on which such Person is knowledgeable." Plaintiff further objects to this Interrogatory because it seeks information protected by the work-product doctrine, including Plaintiff's counsel's investigation and the identity of any witness who may have provided information in connection with the Complaint. Plaintiff further objects to this Interrogatory to the extent it call for information protected by the attorney-client privilege.

- 12 -

4889-3375-1559.v1

Subject to and without waiving the foregoing objections, Plaintiff responds by referring Defendants to Plaintiff's Initial Disclosures dated October 8, 2021, which, pursuant to Federal Rule of Civil Procedure 26(a)(1), identify to Plaintiff's knowledge the persons who may have discoverable information concerning the allegations in the Complaint. Plaintiff will supplement those disclosures later if appropriate. Plaintiff also responds that Lead Counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), researched and investigated and/or directed the research and investigation of "claims in the Complaint." Additionally, Lead Counsel Robbins Geller and Plaintiff's outside counsel AsherKelley, Attorneys At Law ("AsherKelley"), have provided information to Plaintiff regarding this litigation. All such attorney-client communications are privileged.

INTERROGATORY NO. 5:

Identify each Person (including, but not limited to, You; any Person, group, or committee affiliated with You in any way; and/or investment advisor, investment manager, analyst, consultant, broker, agent, or custodian) or group of Persons who had any involvement—whether evaluating, consulting, discussing, advising, deliberating, deciding, directing, reviewing, or otherwise, and all whether orally or in writing—in Your (and/or in any Plaintiff Entity's) consideration or decision of whether or not to purchase, sell, or hold Grubhub Securities, from July 1, 2018 through November 20, 2019, regardless of whether any purchase or sale ever occurred, including each such Person's role and responsibilities in relation thereto, and any Communications with each such Person, including, but not limited to, when each such Communication occurred, the method of such Communication, and the content of such Communications.

RESPONSE TO INTERROGATORY NO. 5:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to seek, obtain, or

- 13 -

verify information not in Plaintiff's possession and instead in the possession of any third party, including Plaintiff's independent, outside investment managers/advisors, or current or former agents of the same. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks the disclosure of financial information or other confidential information regarding Plaintiff's private financial affairs unrelated to the claims or defenses at issue in this case. Plaintiff further objects to this Interrogatory as duplicative to the extent it seeks information sought by other Interrogatories or Defendants' First Request for the Production of Documents to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff delegates authority over Plaintiff's investments to outside investment managers/advisors, who exercised their authority pursuant to the terms of their respective investment management agreement(s) with Plaintiff and subject to Plaintiff's investment policies, objectives, and guidelines. Plaintiff also refers Defendants to Response to Interrogatory No. 2.

INTERROGATORY NO. 6:

Identify each Document and/or Communication that You have reviewed, and each Person that You consulted, concerning the allegations in the Complaint or any other litigation or other proceeding to which Defendants are party. For each Person identified in response to this Interrogatory, Identify any Communications with such Person, including, but not limited to, when each such Communication occurred, the method of such Communication, and the content of such Communication.

RESPONSE TO INTERROGATORY NO. 6:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on the grounds that the terms "reviewed" and "consulted" are vague, ambiguous, and overbroad. Plaintiff further objects to this Interrogatory as

- 14 -

4889-3375-1559.v1

overbroad, unduly burdensome, disproportionate to the needs of this case, and irrelevant to the extent it requires Plaintiff to "[i]dentify each Document and/or Communication . . . concerning the allegations in . . . any other litigation or other proceeding to which Defendants are party." Plaintiff's allegations in this action do not relate to such undefined potential other litigations and proceedings to which some or all of Defendants may be a party. Plaintiff further objects to this Interrogatory to the extent it seeks communications protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: the allegations in the Complaint were based upon personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters based on the investigation conducted by and through Lead Counsel Robbins Geller. This investigation included, among other things: review and analysis of U.S. Securities and Exchange Commission filings by Grubhub; Grubhub press releases and earnings call transcripts; other public information regarding Grubhub, including information posted on Grubhub's website; and analyst reports and media reports about Grubhub. Plaintiff further objects to this Interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or the work-product doctrine.

INTERROGATORY NO. 7:

Identify each disclosure that Plaintiff claims represented a corrective disclosure and/or the materialization of an undisclosed risk, whether complete or partial, related to any Grubhub Security and for which Plaintiff is seeking, or intends to seek, any monetary recovery in this Action.

RESPONSE TO INTERROGATORY NO. 7:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on that grounds that the phrases "corrective disclosures" and "materialization of an undisclosed risk" call for legal conclusions, a legal argument,

- 15 -

or require the application of legal definitions or principles. Plaintiff further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Plaintiff further objects to this Interrogatory as premature because discovery is ongoing, Defendants' and third parties' productions (and Plaintiff's review of the same) are incomplete, and Plaintiff has not taken any depositions. Plaintiff further objects to this Interrogatory because it prematurely seeks information related to expert(s) and/or expert testimony or opinion at a time when no experts have been, or are required to be, designated.

INTERROGATORY NO. 8:

State all amounts/numbers of shares of any Grubhub Security that You held and/or hold as of the date of these Interrogatories, as of the date of Your responses to these Interrogatories, and as of the date of any subsequent transactions by You in any Grubhub Security.

RESPONSE TO INTERROGATORY NO. 8:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory as vague and ambiguous because the phrase "any subsequent transactions" is not defined. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks the disclosure of financial information or other confidential information regarding Plaintiff's private financial affairs unrelated to the claims or defenses at issue in this case.

INTERROGATORY NO. 9:

Identify all Persons supplying Documents or information used or consulted by You or Your counsel in answering these Interrogatories, and Describe the information or Documents each Person supplied.

- 16 -

4889-3375-1559.v1

RESPONSE TO INTERROGATORY NO. 9:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on the grounds that the terms "supplying," "used," "consulted," and "supplied" are vague and ambiguous. Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds that the following individuals provided information for, and participated in, the preparation of these R&Os: Sheldon Albritton, Chairman of City of Pontiac General Employees' Retirement System; Craig Storum, Chairman of City of Pontiac Police and Fire Retirement System; and Plaintiff's counsel.

INTERROGATORY NO. 10:

Describe your relationships with Robbins Geller Rudman & Dowd LLP and AsherKelly, including all actions in which You have retained Robbins Geller Rudman & Dowd LLP or AsherKelly and all financial relationships, arrangements, and/or business dealings between Plaintiff or any Plaintiff Entity, on the one hand, and Robbins Geller Rudman & Dowd LLP or AsherKelly, or any entity Plaintiff knows or suspects to be affiliated with or controlled by Robbins Geller Rudman & Dowd LLP or AsherKelly, on the other hand.

RESPONSE TO INTERROGATORY NO. 10:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on the grounds that the phrases "relationships," "financial relationships, arrangements, and/or business dealings," and "affiliated with or controlled" are vague and ambiguous. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, designed to harass, and disproportional to the needs of this case to the extent it seeks information unrelated to the claims and defenses at issue here. Plaintiff further objects to this

- 17 -

4889-3375-1559.v1

Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff further objects to this Interrogatory because it seeks information that is publicly available or equally available to Defendants and can be derived or ascertained at a burden that is substantially the same as it would be for Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff refers Defendants to its Certification Pursuant to Federal Securities Laws filed in this Action on January 21, 2020 (ECF No. 18-2) for information regarding the cases in which Plaintiff has sought to be appointed or has been appointed to serve as a representative party for a class under the federal securities laws within the three years prior to the date of the certification.

INTERROGATORY NO. 11:

Describe any referral, whether formal or informal, including any payments of money or any other consideration or thing of value, or arrangements or understandings with respect to any such payments, made between You or any of Your attorneys, agents, representatives, or other persons acting on Your behalf, on the one hand, and any other Person or entity, on the other hand, relating to the Action, including identifying any parties to such arrangements.

RESPONSE TO INTERROGATORY NO. 11:

Plaintiff incorporates and restates the objections and limitations set forth in §§I-III. In addition, Plaintiff objects to this Interrogatory on the grounds that the phrase "any referral . . . including any payments of money or any other consideration or thing of value, or arrangements or understandings with respect to any such payments . . . relating to the Action" is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and/or the work-product doctrine.

- 18 -

4889-3375-1559.v1

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff refers Defendants to its Certification Pursuant to Federal Securities Laws filed in this Action on January 21, 2020 (ECF No. 18-2), which states: "Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court."

DATED: December 23, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
BAILIE L. HEIKKINEN

_____
        ROBERT J. ROBBINS

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
bheikkinen@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 19 -

4889-3375-1559.v1

- 20 -

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
MATTHEW HENZI
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com
mhenzi@asherkellylaw.com

Additional Counsel for [Proposed] Lead Plaintiff

4889-3375-1559.v1

## DECLARATION OF SERVICE BY EMAIL

I, Kristi Johnson, not a party to the within action, hereby declare that on December 23, 2021, I served the attached LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM AND CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM on the following counsel of record for the Defendants in the within action by email addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| John F. Hartman<br>Madelyn A. Morris | Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Tel: (312) 862-2000 | john.hartmann@kirkland.com<br>madelyn.morris@kirkland.com |
| Sandra C. Goldstein<br>Stefan H. Atkinson<br>Lindsey Edinger<br>Mary T. Reale | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4800 | sandra.goldstein@kirkland.com<br>stefan.atkinson@kirkland.com<br>lindsey.edinger@kirkland.com<br>mary.reale@kirkland.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 23, 2021, at San Diego, California.



KRISTI JOHNSON

4889-3375-1559.v1