UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.  1:19-cv-07665 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | Judge Matthew F. Kennelly |
| vs. | ) ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| GRUBHUB INC., et al., | ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

4895-4816-8500.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................2

    A.   Procedural History ....................................................................................2

    B.   The Parties' Arm's-Length and Informed Negotiations ..........................3

    C.   The Terms of the Settlement.....................................................................3

III.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............4

    A.   The Settlement Satisfies the Standards for Approval ...............................5

        1.   Lead Plaintiff and Lead Counsel Have Adequately Represented the Class....................................................................5

        2.   The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations....................................................6

        3.   The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation.........................................6

        4.   The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors....................................................................8

    B.   The Class Satisfies the Standards for Class Certification.......................9

        1.   Rule 23(a)(1) – Numerosity.........................................................10

        2.   Rule 23(a)(2) – Commonality......................................................10

        3.   Rule 23(a)(3) – Typicality ...........................................................11

        4.   Rule 23(a)(4) – Adequacy of Representation ..............................11

        5.   Rule 23(b)(3) – Predominance and Superiority ...........................12

IV.   THE PROPOSED NOTICE PROGRAM IS APPROPRIATE ........................................13

V.    PROPOSED SCHEDULE OF EVENTS.....................................................................14

VI.   CONCLUSION....................................................................................................15

4895-4816-8500.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abrams v. Van Kampen Funds, Inc.*,
2002 WL 1989401 (N.D. Ill. Aug. 27, 2002) ................................................................10

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
2011 WL 3290302 (N.D. Ill. July 26, 2011) ...................................................................5

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) .....................................................................................................9, 12

*In re Allstate Corp. Sec. Litig.*,
2020 WL 7490280 (N.D. Ill. Dec. 21, 2020) ................................................................12

*In re Bank One Sec. Litig./First Chicago S'holder Claims*,
2002 WL 989454 (N.D. Ill. May 14, 2002) ........................................................10, 11, 12

*In re Groupon, Inc. Sec. Litig.*,
2014 WL 5245387 (N.D. Ill. Sept. 23, 2014) ..........................................................11, 12

*In re Groupon, Inc. Sec. Litig.*,
No. 12 C 2450, ECF 359, slip op. (N.D. Ill. Apr. 8, 2016) ..........................................13

*In re TikTok, Inc. Consumer Privacy Litig.*,
565 F. Supp. 3d 1076 (N.D. Ill. 2021) ...........................................................................5

*Isby v. Bayh*,
75 F.3d 1191 (7th Cir. 1996) .........................................................................................4

*Keele v. Wexler*,
149 F.3d 589 (7th Cir. 1998) .......................................................................................11

*Lowry v. RTI Surgical Holdings, Inc.*,
No. 20 C 01939, ECF 103, slip op. (N.D. Ill. Sept. 22, 2021) .....................................13

*Mortimer v. Diplomat Pharmacy, Inc.*,
No. 1:19-cv-01735, ECF 135, slip op. (N.D. Ill. Jan. 27, 2022) ..................................13

*Pension Tr. Fund v. Assisted Living Concepts, Inc.*,
2013 U.S. Dist. LEXIS 199190 (E.D. Wis. Dec. 19, 2013) ..........................................6

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP*,
2001 WL 1568856 (N.D. Ill. Dec. 10, 2001) ..................................................................7

*Roth v. Aon Corp.*,
238 F.R.D. 603 (N.D. Ill. 2006) .....................................................................................9

4895-4816-8500.v1

**Page**

*Schleicher v. Wendt,*
    618 F.3d 679 (7th Cir. 2010) ........................................................................9, 12

*Silverman v. Motorola, Inc.,*
    259 F.R.D. 163 (N.D. Ill. 2009)...........................................................................11

*Suchanek v. Sturm Foods, Inc.,*
    764 F.3d 750 (7th Cir. 2014) ...............................................................................10

*Tatz v. Nanophase Techs. Corp.,*
    2003 WL 21372471 (N.D. Ill. June 13, 2003) ....................................................10

*Wong v. Accretive Health, Inc.,*
    773 F.3d 859 (7th Cir. 2014) ..........................................................................5, 6, 7

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78u-4(a)(3)(B)........................................................................................................2
    §78u-4(a)(4) ............................................................................................................1
    §78u-4(a)(7) ..........................................................................................................13

Federal Rules of Civil Procedure
    Rule 23 ....................................................................................................................9
    Rule 23(a).............................................................................................................9, 12
    Rule 23(a)(1)..........................................................................................................10
    Rule 23(a)(2)..........................................................................................................10
    Rule 23(a)(3)..........................................................................................................11
    Rule 23(a)(4)..........................................................................................................11
    Rule 23(b) ................................................................................................................9
    Rule 23(b)(3)........................................................................................................9, 12
    Rule 23(e).............................................................................................................4, 5
    Rule 23(e)(1)..........................................................................................................13
    Rule 23(e)(1)(B)................................................................................................4, 5, 13
    Rule 23(e)(1)(B)(ii)..................................................................................................9
    Rule 23(e)(2)......................................................................................................4, 5, 8, 9
    Rule 23(e)(2)(A) ..................................................................................................5, 6
    Rule 23(e)(2)(A)-(D) ...............................................................................................5
    Rule 23(e)(2)(B)........................................................................................................6
    Rule 23(e)(2)(C)(i)....................................................................................................6
    Rule 23(e)(2)(C)-(D)................................................................................................8

4895-4816-8500.v1

**Page**

**SECONDARY AUTHORITIES**

David F. Herr,
*Manual for Complex Litigation*, §13.14 (4th ed. 2019) ........................................................... 4

4895-4816-8500.v1

## I.   INTRODUCTION

Lead Plaintiff City of Pontiac Reestablished General Employees' Retirement System and City of Pontiac Police & Fire Retirement System ("Pension Funds" or "Lead Plaintiff") submits this memorandum in support of preliminary approval of the proposed settlement of the above-captioned litigation on the terms set forth in the Stipulation of Settlement, dated October 7, 2022 (the "Stipulation" or "Settlement Agreement"), filed herewith.[1]  Following arm's-length negotiations, including two mediation sessions before an experienced mediator, the Settling Parties have reached an agreement to settle Lead Plaintiff's and the Class's claims against Defendants.  The proposed Settlement provides for the payment of $42,000,000 for the benefit of the Class.

The Settlement is the result of a thorough investigation and well-informed, arm's-length negotiations between and among highly experienced counsel.  Lead Plaintiff respectfully submits that the Settlement is fair, reasonable, and adequate, and therefore asks the Court to enter the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order").  The Notice Order will:  (1) preliminarily approve the terms of the Settlement, as set forth in the Stipulation; (2) preliminarily certify the Class for settlement purposes only; (3) approve the form and method for providing notice of the Settlement to the Class; and (4) schedule a settlement hearing (the "Settlement Hearing") at which the Court will consider the request for approval of (a) the Settlement, (b) the Plan of Allocation of settlement proceeds among Class Members, and (c) an award of attorneys' fees and expenses to Lead Counsel, and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).

---

[1]     All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation.  Internal citations are omitted and emphasis is added throughout unless otherwise noted.

- 1 -

4895-4816-8500.v1

## II.     BACKGROUND

### A.     Procedural History

On November 20, 2019, the initial complaint was filed in the United States District Court for the Northern District of Illinois.

On January 30, 2020, Judge Charles R. Norgle Sr. appointed Pontiac General Employees' Retirement System ("GERS") and City of Pontiac Police & Fire Retirement System ("City of Pontiac") as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approved Lead Plaintiff's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel. ECF 25. On June 3, 2022, Judge Norgle granted Lead Plaintiff's unopposed motion to substitute City of Pontiac Reestablished General Employees' Retirement System for GERS, to serve with City of Pontiac as Lead Plaintiff. ECF 73.

Lead Plaintiff filed the operative Complaint for Violations of the Federal Securities Laws (the "Complaint") on July 24, 2020. ECF 36. The Complaint alleges violations of §§10(b) and 20(a) of the Exchange Act on behalf of a class of all purchasers of Grubhub, Inc. ("Grubhub" or the "Company") common stock between April 25, 2019 and October 28, 2019, inclusive. Among other things, the Complaint alleges violations of the Exchange Act premised on Defendants' false and misleading statements that allegedly concealed from investors that, in expanding into new territories, Grubhub was failing to build adequate restaurant density necessary to attract high-quality and profitable diners, the Company was attracting lower-quality and less-profitable diners, and the Company's business strategy and enterprise customer contracts were hurting profitability. Lead Plaintiff alleges that the false and misleading statements and omissions artificially inflated Grubhub's stock price and when the truth was eventually disclosed, the price of Grubhub stock declined, resulting in substantial damages to the Class.

- 2 -

4895-4816-8500.v1

Defendants have denied the allegations. On November 11, 2020, Defendants moved to dismiss the Complaint. ECF 39. Lead Plaintiff opposed the motion. ECF 41. On September 7, 2021, Judge Norgle denied the motion in full. ECF 45.

**B.      The Parties' Arm's-Length and Informed Negotiations**

In April 2022, the parties commenced mediation efforts presided over by Robert A. Meyer of JAMS, an experienced and well-respected mediator. In addition, counsel on both sides are highly experienced in securities class action litigation. *See, e.g.*, Ex. A (Robbins Geller firm resume) attached hereto. The parties participated in an all-day mediation session with Mr. Meyer on April 6, 2022, but did not reach an agreement. Following further discussions with each other and Mr. Meyer, on August 23, 2022, the parties participated in another mediation session with Mr. Meyer, but again did not reach an agreement. On September 9, 2022, Mr. Meyer issued a "mediator's proposal" to settle the Litigation for $42 million, which the parties accepted on September 13, 2022.

At the time the Settling Parties agreed to settle, Lead Plaintiff and Lead Counsel were well-informed about the strengths and weaknesses of the alleged claims, based on (i) a rigorous investigation involving review and analysis of U.S. Securities and Exchange Commission filings by Grubhub, media and analyst reports, press releases and earnings calls transcripts, relevant case law and authorities, and other publicly-available information; (ii) drafting the Complaint; (iii) extensive briefing on Defendants' motion to dismiss the Complaint, and careful review of the Court's order denying same; (iv) the exchange of mediation briefs that detailed Lead Plaintiff's and Defendants' positions on liability and damages; and (v) two mediation sessions and multiple conferences with defense counsel and/or Mr. Meyer regarding the foregoing information.

**C.      The Terms of the Settlement**

Following the arm's-length negotiations, Lead Plaintiff and Defendants agreed to settle the claims against Defendants for $42,000,000, upon the terms set forth in the Stipulation. Lead

- 3 -

4895-4816-8500.v1

Plaintiff and its counsel concluded, after a thorough investigation of the factual and legal issues in the action, as well as consideration of the expense and risks of continued litigation, that the certain monetary recovery for the benefit of the Class is a highly favorable result under the circumstances and is in the best interests of Members of the Class.

In exchange for the benefits provided under the Stipulation, Class Members will release any and all claims against Defendants that have been or could have been alleged in this action that are based on, relate to, or arise out of both: (i) a Class Member's purchase, acquisition or sale of Grubhub's common stock during the Class Period, and (ii) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, representations, or omissions that have been or could have been alleged or asserted in the Litigation. The release does not include any derivative or ERISA claims or claims to enforce the terms of the Settlement. Stipulation, ¶1.28.

## III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Federal Rule of Civil Procedure 23(e) requires judicial approval of the settlement of class actions. Such approval involves a two-step process: first, a "preliminary approval" order authorizing notice of the proposed settlement to be provided to the class; and second, after notice has been provided and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See* David F. Herr, *Manual for Complex Litigation*, at §13.14 (4th ed. 2019).

The question at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). As discussed below, the Settlement for $42 million in cash satisfies the

- 4 -

Rule 23(e) standards for approval, and the Class satisfies the standards for class certification. Thus, the proposed Settlement should be preliminarily approved and notice of the proposed Settlement should be sent to the Class in advance of a final Settlement Hearing.

### A. The Settlement Satisfies the Standards for Approval

Rule 23(e)(2) provides that a settlement should be approved if it is "fair, reasonable, and adequate," considering whether: (1) Lead Plaintiff and Lead Counsel adequately represented the Class; (2) the Settlement was negotiated at arm's length; (3) the relief is adequate; and (4) the Settlement treats Class Members equitably relative to each other.[2] Fed. R. Civ. P. 23(e)(2)(A)-(D). At this preliminary approval stage, the Court's task is merely to determine whether the Settlement will "likely" satisfy the standard for final approval. *See* Fed. R. Civ. P. 23(e)(1)(B). In other words, the court need only "'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (Gettleman, J.) (granting approval of class action settlement); *accord In re TikTok, Inc. Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) (Lee, J.) (granting preliminary approval).

### 1. Lead Plaintiff and Lead Counsel Have Adequately Represented the Class

Rule 23(e)(2)(A) instructs courts to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). As set forth herein, Lead Counsel is highly experienced in securities class action litigation, and both Lead Plaintiff and

---

[2]    The factors set forth in Rule 23(e)(2), as amended in 2018, overlap with the Seventh Circuit's previously-determined final approval factors: (1) the strength of the case, balanced against the settlement amount; (2) the defendant's ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching a settlement; (6) the opinion of competent counsel; and (7) the stage of the proceedings. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

4895-4816-8500.v1

Lead Counsel have diligently prosecuted this action and considered the benefits of a negotiated resolution. Lead Plaintiff and Lead Counsel have, for example, conducted a thorough investigation, prepared and filed a detailed complaint, prepared an opposition to Defendants' motion to dismiss which the Court denied in full, prepared mediation material, participated in two mediation sessions, and considered potential damages and the costs and risks of ongoing litigation. Lead Plaintiff and Lead Counsel have carefully considered the benefits of the Settlement and believe it to be fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2)(A); *see also Accretive*, 773 F.3d at 863-64 (stating that "'the opinion of competent counsel'" is a relevant factor for settlement approval and affirming settlement where counsel – Robbins Geller – was "highly experienced").

### 2. The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations

Rule 23(e)(2)(B) requires courts to consider a procedural factor – whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). As explained above in §II.B., the proposed Settlement was achieved only after extensive arm's-length negotiations among highly-experienced and informed counsel, two mediation sessions before an experienced and well-respected mediator, and arm's-length negotiations surrounding the mediation sessions. This arm's-length process supports approval. *See Accretive*, 773 F.3d at 864 (approving settlement in light of "extensive arm's-length negotiations with an experienced third-party mediator"); *Pension Tr. Fund v. Assisted Living Concepts, Inc.*, 2013 U.S. Dist. LEXIS 199190, at *4 (E.D. Wis. Dec. 19, 2013) (approving settlement that was "the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class").

### 3. The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation

Rule 23(e)(2)(C)(i) instructs courts to consider the adequacy of a proposed settlement in light of "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). Relatedly, the

- 6 -

Seventh Circuit has instructed courts to consider "'the strength of plaintiff's case on the merits balanced against the amount offered in the settlement'" and "'the complexity, length, and expense of further litigation.'" *Accretive*, 773 F.3d at 863-64. Courts have recognized that "[s]ecurities fraud litigation is long, complex and uncertain." *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *2 (N.D. Ill. Dec. 10, 2001) (Darrah, J.) (collecting cases); *see also Accretive*, 773 F.3d at 863 (detailing the significant delays and costs associated with litigating damages alone).

Here, while Lead Plaintiff remains confident in its ability to ultimately prove its claims, further litigation and trial is always a costly and risky proposition. In their motion to dismiss, Defendants argued, among other things, that Lead Plaintiff did not show that the challenged statements were false or misleading when they were made, and that many of the challenged statements were sincerely held statements of opinion and/or statements of corporate optimism. ECF 39 at 6-11. Defendants also argued that even if Lead Plaintiff had identified actionable statements, the Complaint does not sufficiently allege that Defendants acted with scienter. *Id.* at 11-15.

Although Lead Plaintiff is past Defendants' motion to dismiss, the costs, risks, and delays of continued litigation only increase as the parties engage in fact discovery, expert discovery, class certification, summary judgment briefing, pre-trial litigation, trial, and appeal. *See Accretive*, 773 F.3d at 864 (noting that "[f]urther litigation almost certainly would have involved complex and lengthy discovery and expert testimony"). Absent settlement, this Litigation would have become a battle of competing experts and credibility determinations to be decided by a jury.

Thus, the benefits created by the Settlement weigh in favor of granting the motion for preliminary approval. Considering the risks of continued litigation, and the time and expense that would be incurred to prosecute the action through trial, the $42 million Settlement is a significant and certain recovery that is in the best interests of the Class.

4895-4816-8500.v1

### 4. The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors

Rule 23(e)(2) further instructs courts to consider: (i) the effectiveness of the proposed method of distribution to the class; (ii) the terms and timing of any proposed attorney's fees; (iii) any other agreements between the parties; and (iv) whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D). Each of these factors further supports approval of the proposed Settlement.

First, as demonstrated below in §IV, the proposed notice program is effective. The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation, which will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants. The Plan of Allocation was developed with the assistance of Lead Plaintiff's damages consultant and is based on each claimant's purchases and sales of Grubhub common stock during the Class Period.

Second, Lead Counsel will request an award of attorneys' fees not to exceed 30% of the Settlement Amount, and expenses not to exceed $265,000, plus interest that is incurred, all to be paid from the Settlement Fund. The application will be made at the time Lead Counsel moves for final approval of the Settlement, and the awarded fees and expenses shall be paid from the Settlement Fund, not Defendants, upon entry of the order awarding such fees and expenses.

Third, the Settling Parties have not entered into any other agreements other than a standard Supplemental Agreement Regarding Requests for Exclusion, which provides that if the number of shares of Grubhub common stock purchased by Class Members who request exclusion equals or exceeds a certain amount (the "Termination Threshold"), Defendants have the option to terminate

- 8 -

the Settlement. *See* Stipulation, ¶8.4.[3] And fourth, the Settlement treats Class Members equitably because the proposed Plan of Allocation subjects all Members of the Class – including Lead Plaintiff – to the same formulas for distribution of the Settlement.

In sum, the proposed Settlement satisfies each of the Rule 23(e)(2) factors and should be preliminarily approved so the Notice can be sent to potential Members of the Class.

**B.      The Class Satisfies the Standards for Class Certification**

The second part of the settlement approval process is to determine whether the action may be maintained as a class action for settlement purposes under Rule 23. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). Rule 23(a) establishes four prerequisites to class certification: (i) "numerosity," (ii) "commonality," (iii) "typicality," and (iv) "adequacy of representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, a class must meet one of the three requirements of Rule 23(b), namely here, that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Seventh Circuit has acknowledged that in securities actions such as this, "class certification is routine." *Schleicher v. Wendt*, 618 F.3d 679, 682 (7th Cir. 2010); *accord Roth v. Aon Corp.*, 238 F.R.D. 603, 605 (N.D. Ill. 2006) (Norgle, J.) ("It is established law in the Northern District of Illinois and the Seventh Circuit that class certifications are the preferred method of dealing with securities fraud cases.").

---

[3]      As is standard in securities class actions, such agreements are not made public in order to avoid incentivizing the formation of a group of opt-outs for the sole purpose of leveraging the Termination Threshold to exact an individual settlement. Pursuant to its terms, the Supplemental Agreement may be submitted to the Court *in camera* or under seal.

4895-4816-8500.v1

### 1.    Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, throughout the Class Period, Grubhub common stock was actively traded on the New York Stock Exchange and, according to the Company's 1Q 2019 10-Q, the Company had more than 91 million shares of common stock outstanding as of August 2, 2019 (*see* Complaint, ¶146), likely resulting in hundreds or thousands of potential class members, which is more than sufficient to establish numerosity. *See Tatz v. Nanophase Techs. Corp.*, 2003 WL 21372471, at *6 (N.D. Ill. June 13, 2003) (Andersen, J.) (certifying class where 13 million company shares were outstanding and "were likely owned by hundreds of persons or entities throughout the United States"); *In re Bank One Sec. Litig./First Chicago S'holder Claims*, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (Andersen, J.) (finding numerosity in §11 class and that courts "have granted class certification to groups smaller than 30").

### 2.    Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This commonality requirement "'is not a demanding requirement,'" as just "'one issue of fact or law common to all class members will suffice.'" *Abrams v. Van Kampen Funds, Inc.*, 2002 WL 1989401, at *3 (N.D. Ill. Aug. 27, 2002) (Hart, J.). In this case, the central questions – whether Defendants' public statements during the Class Period misrepresented or omitted material facts that (i) in expanding into new territories, the Company was failing to build adequate restaurant density necessary to attract high-quality and profitable diners, (ii) the Company was attracting lower-quality and less-profitable diners, and (iii) the Company's business strategy and enterprise customer contracts were hurting profitability – are the same for all Class Members. Similarly, the issues of whether Defendants acted with the requisite mental state and whether the prices of Grubhub's common stock were artificially inflated are the same for all Class Members. *See Suchanek v. Sturm*

*Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."); *see also In re Groupon, Inc. Sec. Litig.*, 2014 WL 5245387, at *1 (N.D. Ill. Sept. 23, 2014) (Norgle, J.) ("at the heart of Lead Plaintiff's claims, and common to the class, are whether Defendants materially misrepresented or omitted [material] information in [the Company's] Registration Statement[s]").

### 3.      Rule 23(a)(3) – Typicality

The "typicality" requirement of Rule 23(a)(3) is satisfied because Lead Plaintiff's claims arise from the same "'event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory.'" *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Specifically, Lead Plaintiff and Members of the Class purchased shares of Grubhub common stock during the Class Period pursuant to alleged false and misleading statements regarding whether Grubhub was attracting high-quality and profitable diners and its business strategy, suffered damages as a result of the subsequent decline in the price of Grubhub common stock, and "will use the same evidence to prove their case." *Bank One*, 2002 WL 989454, at *4. Typicality is satisfied.

### 4.      Rule 23(a)(4) – Adequacy of Representation

Lead Plaintiff also meets the "adequacy" requirement of Rule 23(a)(4) because it has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is met where: (i) the claims of the class representatives and other members of the class are not antagonistic; (ii) the class representatives are sufficiently interested in the outcome of the case; and (iii) experienced, competent counsel represent them. *See Silverman v. Motorola, Inc.*, 259 F.R.D. 163, 173 (N.D. Ill. 2009) (St. Eve, J.). Here, Lead Plaintiff does not have interests antagonistic to the Class and has sufficient interest in the outcome of the case, as it purchased shares of Grubhub common stock during the Class Period and suffered the same type of alleged economic

- 11 -

damages as the other Class Members. *See* Complaint, ¶¶147-148; ECF 20 at 4-5. Additionally, as set forth above, Lead Plaintiff has demonstrated its vigorous prosecution of the claims in this Litigation and has retained Lead Counsel with extensive experience and skill in litigating securities class actions. *See supra* §§II.A.-B., III.A. Adequacy is satisfied.

### 5. Rule 23(b)(3) – Predominance and Superiority

In addition to satisfying all of the criteria of Rule 23(a), the Class satisfies Rule 23(b)(3)'s requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance inquiry focuses on the existence of common issues. As the Supreme Court recognized in *Amchem*, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud." 521 U.S. at 625. In this case, as in most cases alleging violations of the federal securities laws, "[w]hether [Defendants'] statements are false . . . [w]hether the falsehoods affected the stock's price . . . [and] [w]hether the magnitude of any effect shows that the false information was 'material'" are common questions which predominate over any individual issues. *Schleicher*, 618 F.3d at 681; *see also In re Allstate Corp. Sec. Litig.*, 2020 WL 7490280, at *7 (N.D. Ill. Dec. 21, 2020) (Gettleman, J.) (finding predominance established and certifying a securities class action); *Groupon*, 2014 WL 5245387, at *2 (same).

Further, resolution of this case through a class action is far superior to litigating hundreds or thousands of individual claims where the expense for a single investor could exceed the individual's loss. *See Bank One*, 2002 WL 989454, at *8 ("A class action is a superior means to adjudicate claims of class members who would be overwhelmed . . . if they attempted to prosecute their individual claims."). In sum, Lead Plaintiff believes that the Class meets all of the requirements of Rules 23(a) and (b)(3) and should be certified in conjunction with the Settlement.

- 12 -

4895-4816-8500.v1

## IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Here, the parties negotiated the form of the Notice to be disseminated to Class Members whose names and addresses can be identified through Grubhub's transfer records. In addition, the Claims Administrator will engage in a standard and extensive outreach to entities that commonly hold securities in "street name" for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published once in a national news publication and once over a national newswire service. The notice plan here is very similar to that approved by this Court in *Lowry v. RTI Surgical Holdings, Inc.*, No. 20 C 01939, ECF 103, slip op., ¶¶5-7 (N.D. Ill. Sept. 22, 2021) (Kennelly, J.), and other courts in this District, *e.g.*, *Mortimer v. Diplomat Pharmacy, Inc.*, No. 1:19-cv-01735, ECF 135, slip op., ¶6 (N.D. Ill. Jan. 27, 2022) (Kness, J.); *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, ECF 359, slip op., ¶5 (N.D. Ill. Apr. 8, 2016) (Norgle, J.). The Notice and Summary Notice are attached to the Notice Order as Exhibits A-1 and A-3, respectively.

Furthermore, the Notice includes all of the information required by the PSLRA,[4] as well as additional relevant information in securities class actions. It describes the Settlement, the Settlement Amount, and the average recovery per potentially damaged share if claims for 100% of such shares

---

[4]    The PSLRA requires the notice of settlement to include: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this subchapter, a statement from each settling party concerning the issue or issues on which the parties disagree"; (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §78u-4(a)(7).

- 13 -

are made ($1.38); states the parties' disagreement over damages and liability; and describes the Plan of Allocation. In addition, the Notice briefly explains the nature, history, and status of the Litigation; sets forth the definition of the Class; states the Class' claims and issues; discusses the rights of persons who fall within the definition of the Class; summarizes the reasons the parties are proposing the Settlement; and describes counsel's fee and expense application. Further, the Notice includes detailed information about the process for requesting exclusion from the Class or objecting. For those Class Members who wish to participate in the Settlement, the Notice provides instructions for completing and submitting the claim form that accompanies the Notice. The Summary Notice also informs Class Members that copies of the Notice and claim form may be obtained by contacting the Claims Administrator, or by downloading them from the case specific website. Finally, the Notice sets forth the date, time, and place of the Settlement Hearing.

The contents of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the proposed Settlement, Lead Plaintiff respectfully requests that the Court also approve the parties' proposed form and method of giving notice to the Class.

## V.      PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Settlement Hearing date, dates for mailing the Notice and publishing the Summary Notice, and deadlines for requesting exclusion, objecting, filing papers in support of the Settlement and request for fees and expenses, and the submission of claim forms. Lead Plaintiff proposes the following schedule.

| | |
|---|---|
| Deadline for mailing individual Notices and claim forms (the "Notice Date") | 21 calendar days after entry of Notice Order |
| Deadline for publishing Summary Notice | Within 7 calendar days of the Notice Date |

- 14 -

| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for fees and expenses | 35 calendar days before the Settlement Hearing |
|---|---|
| Deadline for submission of requests for exclusion or objections | 21 calendar days before the Settlement Hearing |
| Deadline for filing reply papers in support of the motions | 7 calendar days before the Settlement Hearing |
| Settlement Hearing | At the Court's convenience, but no earlier than 90 calendar days after the entry of the Notice Order |
| Deadline for submission of claim forms | Postmarked or received no later than 90 calendar days after the Notice Date |

## VI.    CONCLUSION

For all of the foregoing reasons, the proposed Settlement warrants the Court's preliminary approval and the Notice Order should be entered.

DATED:  October 7, 2022          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)


                              s/ JAMES E. BARZ
                              JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

- 15 -

4895-4816-8500.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
BAILIE L. HEIKKINEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
bheikkinen@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
BRIAN E. COCHRAN (IL Bar # 6329016)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
bcochran@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
MATTHEW HENZI
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
cbdunn@asherkellylaw.com
mhenzi@asherkellylaw.com

Additional Counsel for Lead Plaintiff

- 16 -

4895-4816-8500.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/JAMES E. BARZ
JAMES E. BARZ

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Email: JBarz@rgrdlaw.com

Case: 1:19-cv-07665 Document #: 93 Filed: 10/07/22 Page 23 of 24 PageID #:1760

# Mailing Information for a Case 1:19-cv-07665 Azar v. Grubhub Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Samuel Clifford Feldman**
  sfeldman@rgrdlaw.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **John F. Hartmann**
  jhartmann@kirkland.com,meghan.guzaitis@kirkland.com

- **Bailie Heikkinen**
  bheikkinen@rgrdlaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Madelyn A. Morris**
  madelyn.morris@kirkland.com

- **Mary T Reale**
  mary.reale@kirkland.com

- **Matthew Alexander Richard**
  mrichard@rgrdlaw.com,evanyi@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,schateauneuf@rgrdlaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,khanson@rgrdlaw.com

- **Mason Glen Roth**
  mroth@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

Case: 1:19-cv-07665 Document #: 93 Filed: 10/07/22 Page 24 of 24 PageID #:1761

program in order to create notices or labels for these recipients.

- (No manual recipients)