UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-07665 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Matthew F. Kennelly Magistrate Judge Jeffrey Cole |
| GRUBHUB INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DECLARATION OF SHELDON ALBRITTON IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, SHELDON ALBRITTON, declare as follows:

1.     I am Chairman of the Board of Trustees of the City of Pontiac Reestablished General Employees' Retirement System ("Lead Plaintiff" or the "Retirement System"). As the Chairman, I am one of the individuals responsible for overseeing the Retirement System's participation in securities class action litigation in the United States, including in the above-captioned case (the "Litigation"). As the Chairman, I also participate in and oversee decisions regarding the administration of the Retirement System. I am authorized to sign this declaration on behalf of the Retirement System.

2.     The Retirement System is a defined benefit municipal retirement plan based in Pontiac, Michigan, with hundreds of millions of dollars in assets under management providing benefits to plan participants and beneficiaries. The Retirement System was substituted in place of the City of Pontiac General Employees' Retirement System ("GERS") as a Lead Plaintiff in the Litigation on June 3, 2022. *See* ECFs 25, 73.[1]

3.     I respectfully submit this declaration in support of Lead Plaintiff's motion for final approval of the $42,000,000 settlement (the "Settlement") and Lead Counsel Robbins Geller Rudman & Dowd LLP's ("Robbins Geller" or "Lead Counsel") application for an award of attorneys' fees and expenses. I have personal knowledge of the statements made herein, and, if called as a witness, could and would testify competently thereto.

4.     The Retirement System understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses

---

[1]   On January 30, 2020, GERS was appointed as Lead Plaintiff along with City of Pontiac Police & Fire Retirement System ("Police & Fire"). ECF 25. After GERS was formally re-established as the Retirement System, the Court granted the Unopposed Motion to Substitute Lead Plaintiff. ECF 73. All references to the Retirement System's conduct in this Litigation include GERS' conduct prior to the substitution.

- 1 -

to direct and oversee securities class actions. In its capacity as Lead Plaintiff, the Retirement System understands its duty to serve the interests of the Class by supervising the management and prosecution of the Litigation.

5. After being appointed Lead Plaintiff by the Court in January 2020 (ECF 25), the Retirement System took an active role in this case as Lead Plaintiff to ensure the interests of the Retirement System, Police & Fire, and absent Class Members were protected. The Retirement System actively oversaw the prosecution of this case by staying fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller concerning litigation strategy. Among other things, the Retirement System and its counsel: (a) received and reviewed periodic written updates from Robbins Geller regarding the case; (b) engaged in conferences and correspondence with Robbins Geller; (c) reviewed and discussed with counsel the filing of significant pleadings and briefs, the service and progress of discovery, the issuance of court orders, and other case developments; (d) searched for, collected, and prepared to produce documents responsive to Defendants' discovery requests; (e) prepared for and gave deposition testimony in connection with Lead Plaintiff's motion for class certification; (f) consulted with Robbins Geller regarding settlement strategy, including the relative strengths of the case and its settlement value; and (g) remained informed about the settlement negotiations and the mediator's proposal that resulted in the settlement of this Litigation. The Retirement System and its counsel conferred with Lead Counsel regularly to discuss the status of the case, including the potential settlement.

6. Had the Litigation proceeded, the Retirement System was prepared to work closely with Robbins Geller to prepare for and provide additional deposition testimony on behalf of the Retirement System and Class Members as needed, including at trial.

7.    The Retirement System and its counsel evaluated the significant risks and uncertainties of continued litigation, including the possibility of a nominal recovery or even no recovery at all, and authorized Robbins Geller to settle this Litigation, in accordance with the mediator's proposal, for $42,000,000. The Retirement System is conscious of the possibility of losing at summary judgment or trial and that, even if it were to prevail, Defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. The Retirement System believes that the Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

8.    While the Retirement System recognizes that any determination of attorneys' fees and expenses is left to the Court, the Retirement System believes that Robbins Geller's request for attorneys' fees of 30% of the Settlement Amount and expenses not to exceed $265,000, plus interest on both amounts, is fair and reasonable. Robbins Geller assumed substantial financial risk by litigating this case on a contingent fee basis, and this Settlement would not have been possible without Robbins Geller's diligent and aggressive prosecutorial efforts.

9.    The Retirement System further understands that the Court may grant a class representative's request for an award pursuant to 15 U.S.C. §78u-4(a)(4). Based on a review of the various tasks conducted in the case, with the assistance of counsel, a conservative estimate of 20 hours was calculated of the time the Retirement System devoted to the prosecution of this action, which is time that the Retirement System and its representatives would have otherwise spent on the daily activities of the Retirement System. The time spent was directly related to the Retirement System's involvement in the Litigation, including time spent by me, on: (a) consulting with Lead Counsel and the Retirement System's counsel regarding the Litigation and the Court's orders; (b) reviewing pleadings, motions, and briefs; (c) reviewing correspondence and status reports from Lead Counsel; (d) responding to written discovery and searching for, collecting, and

- 3 -

preparing documents for production; (e) preparing for and sitting for a deposition in connection with Lead Plaintiff's motion for class certification; and (f) conferring with Lead Counsel, the Retirement System's counsel, and internally at the Retirement System regarding litigation strategy and, ultimately, the settlement negotiations. Accordingly, the Retirement System respectfully requests an award of $1,000 for its time expended in the prosecution of the Litigation on behalf of the Class.

10. For all these reasons, and for those described in other documents that are being filed in connection with Lead Plaintiff's motion for final approval of the Settlement, the Retirement System respectfully requests that the Court grant final approval of the Settlement, approve Robbins Geller's motion for an award of attorneys' fees and expenses, and award the Retirement System $1,000, pursuant to 15 U.S.C. §78u-4(a)(4).

11. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 30th day of November, 2022, at Pontiac, Michigan.

SHELDON ALBRITTON

- 4 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/James E. Barz*
JAMES E. BARZ

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Email:  JBarz@rgrdlaw.com

Case: 1:19-cv-07665 Document #: 108 Filed: 12/08/22 Page 7 of 8 PageID #:2231

# Mailing Information for a Case 1:19-cv-07665 Azar v. Grubhub Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-
  3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **John F. Hartmann**
  jhartmann@kirkland.com,meghan.guzaitis@kirkland.com

- **Bailie Heikkinen**
  bheikkinen@rgrdlaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Madelyn A. Morris**
  madelyn.morris@kirkland.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Mary T Reale**
  mary.reale@kirkland.com

- **Matthew Alexander Richard**
  mrichard@rgrdlaw.com,evanyi@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,schateauneuf@rgrdlaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,khanson@rgrdlaw.com

- **Mason Glen Roth**
  mroth@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

Case: 1:19-cv-07665 Document #: 108 Filed: 12/08/22 Page 8 of 8 PageID #:2232

program in order to create notices or labels for these recipients.

- (No manual recipients)