UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No.  1:19-cv-07665 |
| | ) | |
| | ) | CLASS ACTION |
| Plaintiff, | ) | |
| | ) | Judge Matthew F. Kennelly |
| vs. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| GRUBHUB INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DECLARATION  OF MATTHEW NYE IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, MATTHEW NYE, declare as follows:

1. I am on the Board of Trustees of the City of Pontiac Police & Fire Retirement System ("Lead Plaintiff" or "Police & Fire") and am authorized to act on behalf of Lead Plaintiff. Police & Fire was named as a Lead Plaintiff in the above-captioned case (the "Litigation") on January 30, 2020. ECF No. 25. As a Trustee, I am one of the individuals responsible for overseeing Police & Fire's participation in securities class action litigation in the United States, including in the Litigation. As a Trustee, I also participate in and oversee decisions regarding the administration of Police & Fire. I am authorized to sign this declaration on behalf of Police & Fire.

2. Police & Fire is a defined benefit plan based in Pontiac, Michigan, with more than $200 million in assets under management providing benefits to plan participants and beneficiaries.

3. I respectfully submit this declaration in support of Lead Plaintiff's motion for final approval of the $42,000,000 settlement (the "Settlement") and Lead Counsel Robbins Geller Rudman & Dowd LLP's ("Robbins Geller" or "Lead Counsel") application for award of attorneys' fees and expenses. I have personal knowledge of the statements made herein, and, if called as a witness, could and would testify competently thereto.

4. Police & Fire understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to direct and oversee securities class actions. In its capacity as Lead Plaintiff, Police & Fire understands its duty to serve the interests of the Class by supervising the management and prosecution of the Litigation.

5. After being appointed Lead Plaintiff by the Court in January 2020 (ECF 25), Police & Fire took an active role in this case as Lead Plaintiff to ensure the interests of Police & Fire, the City of Pontiac Reestablished General Employees' Retirement System, and absent Class Members

- 1 -

were protected. Police & Fire actively oversaw the prosecution of this case by staying fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller concerning litigation strategy. Among other things, Police & Fire and its counsel: (a) received and reviewed periodic written updates from Robbins Geller regarding the case; (b) engaged in conferences and correspondence with Robbins Geller; (c) reviewed and discussed with counsel the filing of significant pleadings and briefs, the service and progress of discovery, the issuance of court orders, and other case developments; (d) searched for, collected, and prepared to produce documents responsive to Defendants' discovery requests; (e) prepared for and gave deposition testimony in connection with Lead Plaintiff's motion for class certification; (f) consulted with Robbins Geller regarding settlement strategy, including the relative strengths of the case and its settlement value; and (g) remained informed about the settlement negotiations and the mediator's proposal that resulted in the Settlement. Police & Fire and its counsel conferred with Lead Counsel regularly to discuss the status of the case, including a potential settlement.

6. Had the Litigation proceeded, Police & Fire was prepared to work closely with Robbins Geller to prepare for and provide additional deposition testimony on behalf of Police & Fire and Class Members as needed, including in at trial.

7. Police & Fire and its counsel evaluated the significant risks and uncertainties of continued litigation, including the possibility of a nominal recovery or even no recovery at all, and authorized Robbins Geller to settle this Litigation, in accordance with the mediator's proposal, for $42,000,000. Police & Fire is conscious of the possibility of losing at summary judgment or trial and that, even if it were to prevail, Defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. Police & Fire believes that the Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

8. While Police & Fire recognizes that any determination of attorneys' fees and expenses is left to the Court, Police & Fire believes that Robbins Geller's request for attorneys' fees of 30% of the Settlement Amount and expenses not to exceed $265,000, plus interest on both amounts, is fair and reasonable. Robbins Geller assumed substantial financial risk by litigating this case on a contingent fee basis, and this Settlement would not have been possible without Robbins Geller's diligent and aggressive prosecutorial efforts.

9. Police & Fire further understands that the Court may grant a class representative's request for an award pursuant to 15 U.S.C. §78u-4(a)(4). Based on a review of the various tasks conducted in the case, with the assistance of counsel, a conservative estimate of 20 hours was calculated of the time Police & Fire devoted to the prosecution of this action, which is time that Police & Fire and its representatives would have otherwise spent on the daily activities of Police & Fire. The time spent was directly related to Police & Fire's involvement in the Litigation, including time spent by me, on: (a) consulting with Lead Counsel and Police & Fire's counsel regarding the Litigation and the Court's orders; (b) reviewing pleadings, motions, and briefs; (c) reviewing correspondence and status reports from Lead Counsel; (d) responding to written discovery and searching for, collecting, and preparing documents for production; (e) preparing a representative of Police & Fire for and sitting for a deposition in connection with Lead Plaintiff's motion for class certification; and (f) conferring with Lead Counsel, Police & Fire's counsel, and internally at Police & Fire regarding litigation strategy and, ultimately, the settlement negotiations. Accordingly, Police & Fire respectfully requests an award of $1,000 for its time expended in the prosecution of the Litigation on behalf of the Class.

10. For all these reasons, and for those described in other documents that are being filed in connection with Lead Plaintiff's motion for final approval of the Settlement, Police & Fire respectfully requests that the Court grant final approval of the Settlement, approve Robbins

- 3 -

Geller's motion for an award of attorneys' fees and expenses, and award Police & Fire $1,000, pursuant to 15 U.S.C. §78u-4(a)(4).

11. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 8th day of December, 2022, at _____, Michigan.

_____
MATTHEW NYE

- 4 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/James E. Barz*
JAMES E. BARZ

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Email:  JBarz@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-07665 Azar v. Grubhub Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **John F. Hartmann**
  jhartmann@kirkland.com,meghan.guzaitis@kirkland.com

- **Bailie Heikkinen**
  bheikkinen@rgrdlaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Madelyn A. Morris**
  madelyn.morris@kirkland.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Mary T Reale**
  mary.reale@kirkland.com

- **Matthew Alexander Richard**
  mrichard@rgrdlaw.com,evanyi@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,schateauneuf@rgrdlaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,khanson@rgrdlaw.com

- **Mason Glen Roth**
  mroth@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

Case: 1:19-cv-07665 Document #: 109 Filed: 12/08/22 Page 8 of 8 PageID #:2240 CM/ECF NextGen Live 1.6.1 - U.S. District Court, Northern Illinois

program in order to create notices or labels for these recipients.

- `(No manual recipients)`