UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-07665 |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge Matthew F. Kennelly Magistrate Judge Jeffrey Cole |
| GRUBHUB INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

DECLARATION OF JAMES E. BARZ FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

4862-2295-6609.v1

I, JAMES E. BARZ, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Action").

2.      I am the partner who oversaw and/or conducted the day-to-day activities in the Action for Robbins Geller.  This declaration and the supporting exhibits were prepared by, or with the assistance of, other lawyers and staff at the Firm and reviewed by me before signing.  The information contained herein is believed to be accurate based on what I know and what I have learned from others at the Firm.

3.      This Firm is Lead Counsel for Lead Plaintiff City of Pontiac Reestablished General Employees' Retirement System and City of Pontiac Police & Fire Retirement System, and the Class.

4.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and maintained by the Firm in the ordinary course of business.  I reviewed these reports in connection with the preparation of this declaration.  The purpose of this review was to review both the accuracy of the entries on the reports as well as the necessity for, and reasonableness of, the time and expenses committed to the Action.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Action.  In addition, I believe that these expenses are all of a type that have been previously

- 1 -

4862-2295-6609.v1

approved by courts in class action cases and would normally be charged to a fee-paying client in the private legal marketplace.

5. After the reductions referred to above, the number of hours spent on the Action by the Firm is 8,565.80. A breakdown of the lodestar is provided in the attached Exhibit A. The lodestar amount for attorney and paraprofessional time based on the Firm's current rates is $4,639,917.25. The hourly rates shown in Exhibit A are the usual and customary rates set by the Firm for each individual and submitted in support of other recent fee applications. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

6. The Firm seeks an award of $228,889.82 in expenses and charges in connection with the prosecution of the Action. Those expenses and charges are summarized by category in the attached Exhibit B.

7. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $8,553.30. These expenses include fees that have been paid to the Court for filing fees and to an attorney service firm who served process of the complaint and witness subpoenas. The vendors who were paid for these services are set forth in the attached Exhibit C. These expenses also include a $2,239.50 payment Lead Counsel made to Yousif Capital, a witness in the case and an investment manager for the Lead Plaintiff, as reimbursement of legal expenses paid by Yousif Capital to the Warner Norcross + Judd LLP law firm for this Action. That firm represented Yousif Capital for purposes of responding to document subpoena issued by the Defendants and for representing the witness during a deposition noticed and taken by the Defendants.

- 2 -

4862-2295-6609.v1

(b)     Business Wire: $545.45.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)     Transportation, Hotels & Meals: $8,900.74.  In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings, meet with witnesses, and take or defend depositions.  The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d)     Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $5,493.50.  The vendors who were paid for these services are listed in the attached Exhibit E.

(e)     Expert (Global Economics Group LLC): $105,928.75.  Global Economics Group is a financial economics consulting firm.  Lead Counsel retained Chad W. Coffman (CFA), the President of Global Economics Group, to offer opinions and testify regarding market efficiency relating to Grubhub's stock.  Mr. Coffman and his team spent considerable time studying the record and public information, constructing a regression model, and performing an event study, in order to be able to address the market in which Grubhub stock traded.  Based on this work, Mr. Coffman provided a 42-page expert declaration opining on market efficiency, which was submitted with Lead Plaintiff's motion for class certification.  ECF 70-3.  Mr. Coffman and his team also

- 3 -

analyzed the stock price decline and conducted various analyses to estimate potential damages, and assisted Lead Counsel in evaluating Defendants' arguments regarding damages, in connection with mediation efforts. Mr. Coffman also prepared and sat for a deposition. Mr. Coffman's individual rate is $900 per hour, which is similar to rates charged by similar experts in other matters wherein Lead Counsel has retained such experts.

(f) Online Research: $26,449.37. This category includes vendors such as LexisNexis, Refinitiv, Transunion Risk and Alternative Data Solutions, Inc., and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for cite-checking briefs. This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Action. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(g) eDiscovery Database Hosting (a Robbins Geller charge): $43,933.77. Robbins Geller requests $43,933.77 for hosting eDiscovery related to this Action. Robbins Geller has installed top tier database software, infrastructure, and security. The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200

- 4 -

firms.  Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.  Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more).  Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor.  Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases.  Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges.  The amount requested reflects charges for the hosting of over 2.2 million pages of documents produced by parties and non-parties in this Action.

(h)     Outside eDiscovery Services: $4,725.00.

(i)     ARK Technologies, Inc. ("ARK"):  $2,175.00.  ARK is an information technology ("IT") provider and IT consultant in Bloomfield Hills, Michigan capable of managing data-intensive eDiscovery operations.  In connection with Defendants' requests for the production of electronic documents, the City of Pontiac Reestablished General Employees' Retirement System utilized ARK to apply search terms, which were negotiated and agreed to by counsel for the parties, to locate and collect archived electronic documents.  Upon ARK's identification and collection of potentially responsive electronic documents, all files were

- 5 -

transferred to Robbins Geller and then hosted on Robbins Geller's platform, Relativity, and ARK performed no additional work related to the Action.

(ii)     BeneSys: $2,550.00.   BeneSys provides Taft-Hartley trust fund administration and information technology ("IT") services to its clients.   Among other things, BeneSys serves as a custodian and an IT services provider for the City of Pontiac Police & Fire Retirement System.   In connection with Defendants' requests for the production of electronic documents, the City of Pontiac Police & Fire Retirement System utilized BeneSys to apply search terms, which were negotiated and agreed to by counsel for the parties, to locate and collect archived electronic documents.   Upon BeneSys' identification and collection of potentially responsive electronic documents, all files were transferred to Robbins Geller and then hosted on Robbins Geller's platform, Relativity, and BeneSys performed no additional work related to the Action.

(i)     Mediation Fees (JAMS, Inc.): $23,325.63.   This represents the fees of the mediator, Robert A. Meyer of JAMS, who conducted mediation sessions with the parties on April 6, 2022 and August 23, 2022, and engaged in interim and follow up communications which eventually resulted in a mediator's proposal and led to the settlement of the Action.

8.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are believed to be accurate records of such expenses.

9.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of December, 2022, at Chicago, Illinois.

s/James E. Barz
JAMES E. BARZ

- 6 -

4862-2295-6609.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/James E. Barz*
JAMES E. BARZ

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Email:  JBarz@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-07665 Azar v. Grubhub Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **John F. Hartmann**
  jhartmann@kirkland.com,meghan.guzaitis@kirkland.com

- **Bailie Heikkinen**
  bheikkinen@rgrdlaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Madelyn A. Morris**
  madelyn.morris@kirkland.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Mary T Reale**
  mary.reale@kirkland.com

- **Matthew Alexander Richard**
  mrichard@rgrdlaw.com,evanyi@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,schateauneuf@rgrdlaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,khanson@rgrdlaw.com

- **Mason Glen Roth**
  mroth@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

Case: 1:19-cv-07665 Document #: 141-1 Filed: 12/08/22 Page 10 of 10 PageID #:2288

program in order to create notices or labels for these recipients.

- `(No manual recipients)`